1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL JOHN HANSEN AND T J                    No.  2:20-cv-02436-KJM-CKD (PS)
     HERBST TRUST 1,
12
                         Plaintiffs,
13                                               FINDINGS AND RECOMMENDATIONS
              v.
14
     ROBIN P. ARKLEY, SN SERVICING
15   CORPORATION, ANDY CECERE, AND
     US BANK TRUST NATIONAL
16   ASSOCIATION,

17                       Defendants.

18
             Plaintiff, Paul J. Hansen, who proceeds in this action without counsel, has requested leave
19
     to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application
20
     in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C.
21
     § 1915.  Accordingly, the court grants plaintiff's request to proceed in forma pauperis.
22
             The determination that a plaintiff may proceed in forma pauperis does not complete the
23
     required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any
24
     time if it determines that the allegation of poverty is untrue, or if the action is frivolous or
25
     malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
26

27   _____
     [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
28   § 636(b)(1).

                                                    1

1    an immune defendant.

2        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

3    action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

4    or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

5    § 1915(e)(2).

6        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

8    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10   490 U.S. at 327.

11       To avoid dismissal for failure to state a claim a complaint must contain more than "naked

12   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

13   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007).  In other words,

14   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

16   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

17   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

18   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

19   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

20   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

21   and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes,

22   416 U.S. 232, 236 (1974).

23   **1.    Background**

24       The facts of this case are not clear from the face of the original complaint.  This case

25   appears to arise from a property dispute between plaintiffs and defendants.  Defendants appear to

26   have foreclosed on real property purportedly owned by plaintiffs, and plaintiffs appear to deny

27   financial liability related to the property and dispute the lawfulness of the foreclosure.  (ECF No.

28   1 at 8.)  As a result, plaintiffs have sued defendants alleging, among other things, that defendants

have falsely claimed to possess an instrument evidencing defendants' right to foreclose on the property, that defendants refuse to acknowledge that no evidence exists establishing plaintiffs' financial liability for the property, and that defendants refuse to provide plaintiffs with a sworn statement that plaintiffs promised to pay on any negotiable instrument.  Id.  Despite the private and commercial nature of apparent dispute, plaintiffs have filed civil rights claims against defendants.

**2.     The original complaint fails to state a claim under 42 U.S.C. §§ 1983, 1985, or 1986.**

The original complaint alleges that defendants violated plaintiffs' constitutional rights, and asserts causes of action under 42 U.S.C. sections 1983, 1985, and 1986.  (ECF No. 1.)  The original complaint fails to allege sufficient factual information to state plausible claims for relief.

A.     42 U.S.C. § 1983

Section 1983 allows plaintiffs to sue state officials who violate federal constitutional or statutory rights while acting under color of state law.  Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001); Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Here, plaintiffs sue two Chief Executive Officers and two private corporations.  Plaintiffs do not plausibly allege that any of the defendants are state actors who acted under color of state law.  As such, plaintiffs have not stated a claim under section 1983.

B.     42 U.S.C. §§ 1985 and 1986

Section 1985 provides: "If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages . . . against any one or more of the conspirators."  42 U.S.C. § 1985(3).  Liability under section 1985(3) requires proof of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Griffin v. Brekenridge, 403 U.S. 88, 102 (1971).

Here, plaintiffs do not allege that they were targeted as a member of any class, let alone a suspect class.  Plaintiffs have therefore failed to state a claim under section 1985.  See Bennett v. Cty. of Shasta, No. 215CV01764MCECMK, 2016 WL 3743151, at *9 (E.D. Cal. July 13, 2016)

1  (dismissing plaintiff's section 1985(3) action because plaintiff failed to allege membership of a

2  suspect class).

3       Similarly, because an action under section 1986 cannot survive without a valid claim for

4  relief under section 1985, plaintiffs have also failed to state a claim under 42 U.S.C. section 1986.

5  <u>Trerice v. Pedersen</u>, 769 F.2d 1398, 1403 (9th Cir. 1985) ("[The Ninth Circuit has] adopted the

6  broadly accepted principle that a cause of action is not provided under 42 U.S.C. § 1986 absent a

7  valid claim for relief under section 1985.").

8  **3.    Plaintiffs should not be granted leave to amend.**

9       If a complaint fails to state a plausible claim, "[a] district court should grant leave to

10  amend even if no request to amend the pleading was made, unless it determines that the pleading

11  could not possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122,

12  1130 (9th Cir. 2000) (en banc); <u>see also Gardner v. Marino</u>, 563 F.3d 981, 990 (9th Cir. 2009)

13  (finding no abuse of discretion in denying leave to amend when amendment would be futile).

14       Here, the conflict between plaintiffs' factual allegations and legal causes of action is

15  irreconcilable.  Plaintiffs' factual allegations concern a commercial dispute against private actors,

16  while plaintiffs' legal claims concern civil rights violations against state officials acting under

17  color of state law.  Under these circumstances, the pleading could not possibly be cured by the

18  allegation of additional facts.  The original complaint should therefore be dismissed without leave

19  to amend.  <u>See Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco</u>, 792 F.2d 1432, 1438

20  (9th Cir.1986).

21  **4.    Conclusion**

22       Accordingly, IT IS HEREBY RECOMMENDED that:

23      1.    Plaintiff's application to proceed in forma pauperis (ECF No. 2) be GRANTED;

24      2.    Plaintiffs' original complaint (ECF No. 1) be DISMISSED; and

25      3.    The Clerk of Court be directed to close this case.

26       These findings and recommendations are submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

28  days after being served with these findings and recommendations, any party may file written

4

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 28, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.2436.screen