Rachel C. Witcher (SBN 286515)
GHIDOTTI | BERGER, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: rwitcher@ghidottiberger.com

Attorneys for *Defendants* **ROBIN P. ARKLEY, CEO**; **SN SERVICING CORPORATION**; **ANDY CECERE** (erroneously sued as "ANDY CECERE, CEO, as Trustee of the Bungalow Series IV Trust"); and **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST** (erroneously sued as "US BANK TRUST NATIONAL ASSOCIATION")

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| PAUL JOHN HANSEN; and T J HERBST TRUST 1, a Non-Statutory Trust,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBIN P. ARKLEY, CEO; SN SERVICING CORPORATION; ANDY CECERE, CEO, as Trustee of the Bungalow Series IV Trust; US BANK TRUST NATIONAL ASSOCIATION,<br><br>    Defendants | CASE NO.: 2:20-CV-02436-KJM-CKD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Date:   April 7, 2021<br>Time:   10:00 a.m.<br>Ctrm:   24, 8th floor<br>Judge:   Hon. Carolyn K. Delaney<br>Location: Robert T. Matsui Courthouse<br>501 I Street<br>Sacramento, CA  95814<br><br>Complaint Filed: December 9, 2020 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on April 16, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3, 15th Floor, of the above-entitled Court, located at 501 I Street, Sacramento, CA 95814, Defendants, ROBIN P. ARKLEY, CEO; SN SERVICING CORPORATION; ANDY CECERE (erroneously sued as "ANDY CECERE, CEO, as Trustee of the Bungalow Series IV Trust"); and US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST (erroneously sued as "US BANK TRUST NATIONAL ASSOCIATION") (together, "Defendants") will move this Court to dismiss the Complaint of Plaintiffs PAUL JOHN HANSEN; and T J HERBST TRUST 1, a Non-Statutory Trust ("Plaintiffs"), pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) on the grounds that Plaintiff fails to state a claim upon which relief can be granted.

/ / /

/ / /

/ / /

Defendants seek an order of the Court dismissing Plaintiff's Complaint, without leave to amend, pursuant to Fed. R. Civ. P. 12(b)(6). This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Request for Judicial Notice filed concurrently herewith, the pleadings and records on file, and such other argument or evidence as may be presented to the Court at the hearing on the motion. As Plaintiffs are not represented by counsel, no meet and confer was required as set forth in the Court's Standing Order.

Date: March 1, 2021

GHIDOTTI | BERGER, LLP

*/s/ Rachel C. Witcher*
Rachel C. Witcher
Attorneys for *Defendants* **ROBIN P. ARKLEY, CEO**; **SN SERVICING CORPORATION**; **ANDY CECERE** (erroneously sued as "ANDY CECERE, CEO, as Trustee of the Bungalow Series IV Trust"); and **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST** (erroneously sued as "US BANK TRUST NATIONAL ASSOCIATION")

3
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
*Hansen et al. v. Arkley et al.,* Case No. 2:20-CV-02436-KJM-CKD

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs T J HERBST TRUST 1 (the "Herbst Trust") and PAULT JOHN HANSEN, as sole Trustee and as Beneficiary ("Hansen") (collectively, "Plaintiffs") brought this action seeking to delay nonjudicial foreclosure despite the longstanding default on the mortgage loan secured by the real property located at 3635 Bellinger Court, North Highlands, CA 95660 (the "Subject Property"). Plaintiffs' Complaint attempts to allege civil rights violations under 42 U.S.C. sections 1983, 1985 and 1986. However, Plaintiffs fail to establish standing and do not allege specific conduct by defendants to satisfy the pleading standards of Rule 8. Based on the allegations, the admissions, and the judicially noticeable materials, Plaintiffs fail to state a claim against defendants. As such, the Motion to Dismiss should be granted.

## II. STATEMENT OF FACTS

### A. LOAN ORIGINATION AND DEFAULT

In or around May 2005, the Subject Property was granted to non-party Thomas J. Herbst ("Herbst"). (See Request for Judicial Notice ["RJN"], Ex. A.) On or about May 24, 2005, Herbst obtained a $311,000.00 loan ("Loan") from American Family Funding that was secured against the Subject Property by a deed of trust recorded on June 3, 2005 as Instrument No. 20050603 0279 ("Deed of Trust") in the Official Records of the County of Sacramento (the "Official Records"). (RJN, Ex. B.) As evidenced by recorded Assignments of Deed of Trust, the Deed of Trust was ultimately assigned to Defendant US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST ("US Bank"). (RJN, Ex. C.)

On October 2, 2015, a Notice of Default was recorded in the Official Records listing a past due amount on the Loan of $42,233.28 as of October 2, 2015. (RJN, Ex.

4

D.) Herbst failed to cure his default on the Loan and on October 26, 2017, a Notice of Trustee's Sale was recorded in the Official Records referencing a foreclosure sale date of November 20, 2017. (RJN, Ex. E.)

### B. FIVE BANKRUPTCY ACTIONS FILED BY THOMAS J. HERBST

In order to avoid foreclosure of the Subject Property, Herbst has filed **five** separate bankruptcy actions in the United States Bankruptcy Court for the Northern District of California. The first bankruptcy, Case Number 16-51679 was filed as a Chapter 13 on June 6, 2016 and dismissed on October 2, 2017. (RJN, Ex. F.) The second bankruptcy, Case Number 17-52776 was filed as a Chapter 13 on November 17, 2017, converted to a Chapter 7 on March 5, 2018, and dismissed on August 13, 2018. (RJN, Ex. G.) The third bankruptcy, Case Number 19-51404 was filed as a Chapter 13 on July 12, 2019 and dismissed on September 12, 2019. (RJN, Ex. H.) The fourth bankruptcy, Case Number 19-52037 was filed as a Chapter 7 on October 7, 2019. (RJN, Ex. I.) In the fourth bankruptcy case, a Motion for Relief from the Automatic Stay was granted as to the Subject Property on June 2, 2020. (RJN, Ex. J.) Thereafter, the fourth bankruptcy case was terminated on December 11, 2020. (RJN, Ex. I.)

The fifth bankruptcy, Case Number 21-50095 was recently filed on January 27, 2021. (RJN, Ex. K-L.) In the fifth bankruptcy, Herbst claims that as of the date of filing he is the owner of the Subject Property. (RJN, Ex. L-12, Pg. 12.) However, on August 14, 2020 (during the pendency of Herbst's fourth bankruptcy and prior to filing of his fifth bankruptcy), a Quitclaim Deed was recorded in the Official Records referencing transfer of the Subject Property from Herbst to the Herbst Trust. (RJN, Ex. M.) It appears that Herbst did not advise the bankruptcy court of the transfer of the Subject Property to the Herbst Trust during pendency of the fourth bankruptcy case or in his petition filed in the fifth bankruptcy. (See RJN, Ex. I, K-L.)

### C. THE PRESENT ACTION

Plaintiffs filed the present action on December 9, 2020 alleging violations of Plaintiffs' civil rights arising out of their ownership of the Subject Property. (Complaint, ¶ 23.) On December 28, 2020, Magistrate Judge Carolyn K. Delaney issued a recommendation that Plaintiffs' Complaint be dismissed. (Dkt., 3.) However, this recommendation was withdrawn on January 26, 2021. (Dkt., No. 9.)

## III. LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is required where the complaint lacks a "cognizable legal theory" or does not plead facts sufficient to support a cognizable theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ARGUMENT

### A. PLAINTIFFS' COMPLAINT FAILS TO SATISFY RULE 8

While Plaintiffs' Complaint attempts to set forth a claim for violations of 42 U.S.C. §§ 1983, 1985 and 1986, Plaintiffs fail to plead specific factual allegations as to each of the Defendants. Federal Rule of Civil Procedure 8 requires that a plaintiff indicate which defendant is responsible for the conduct alleged. *Estrada v. Caliber*

*Home Loans, Inc.*, 2015 WL 12661910, at *8 (C.D. Cal., Oct. 14, 2015) ("[s]uch pleading cannot survive a motion to dismiss"); *Newman v. OneWest Bank, FSB,* No. EDCV 10-0064, 2010 WL 797188, *5 (C.D. Cal. Mar. 5, 2010); see also *In re Sagnet Tech., Inc.,* 278 F.Supp.2d 1079, 1094 (N.D. Cal. Aug. 15, 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."); see also *Corazon v. Aurora Loan Services,* No. C 11-00542 SC, 2011 WL 1740099, *5 (N.D. Cal. May 5, 2011).

Here, Plaintiffs' Complaint lacks specific facts as to Defendants ROBIN P. ARKLEY, CEO ("Arkley"), SN SERVICING CORPORATION ("SN Servicing"), ANDY CECERE (erroneously sued as "ANDY CECERE, CEO, as Trustee of the Bungalow Series IV Trust") ("Cecere"), and US Bank (collectively "Defendants"). While Plaintiffs allege that Defendants "[f]alsely claim the possession of an instrument, note, that evidences right to foreclosure, of the subject land…" (Complaint, ¶ 33(i)), no specific allegations as to these individual Defendants exist to support a violation of Plaintiffs' civil rights. Because Plaintiffs' Complaint lumps all Defendants together without explanation, the Complaint necessarily fails.

### B. THE HERBST TRUST CANNOT MAINTAIN LITIGATION IN *PRO SE* AND HANSEN HAS NO STANDING TO SUE

Plaintiffs' Complaint contends that the Herbst Trust is the owner of the Subject Property. (Complaint, ¶ 23.) However, the Herbst Trust appears to be unrepresented in this action. A party's right to represent his or her own interests "does not extend to other parties or entities." *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664-65 (9th Cir. 2008). In other words, a non-attorney may not file an action *pro se* on behalf of a trust. *McCalip v. De Legarret*, Case No. CV 08-2250, 2008 WL 3891254, *2 (C.D.

Cal. Aug. 18, 2008) (citing *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987).

Both Hansen and the Herbst Trust are litigating this action in *pro se*. The Herbst Trust is unable to pursue this action in *pro se* based on the authority set forth above. Moreover, Hansen appears to claim no personal interest in the Subject Property and has no standing to assert claims concerning his right to the Subject Property free and clear of the Deed of Trust. Thus, if the Complaint is not dismissed in its entirety, the Herbst Trust (at the very least) must be ordered to show cause as to its improper *pro se* litigant status.

### C. PLAINTIFFS' CLAIM FOR VIOLATION OF 42 U.S.C. §§ 1983, 1985 AND 1986 FAILS

#### 1. 42 U.S.C. § 1983

42 U.S.C. section 1983 provides relief against state actors acting "under color of [law]." 42 U.S.C. § 1983; see *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 927 (1982) ("In cases under § 1983, 'under color of law' has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment.") Here, the Complaint fails to allege a violation of Plaintiffs' Constitutional rights by a person acting under color of state law.

#### 2. 42 U.S.C. §§ 1985 and 1986

42 U.S.C. section 1985 provides relief in the event of "a private conspiracy to deny equal protection of laws" and "for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.3 (9th Cir. 1985). A plaintiff must allege that they are a member of a protected class and the conspiracy (if alleged) was based on a class-based or other discriminatory motive. *Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971); *Watkins v.*

*United States Army,* 875 F.2d 699, 722 (9th Cir. 1989). Furthermore, in order to state a claim under 42 U.S.C. section 1986, a plaintiff must first have a viable claim under section 1985. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) (citing *Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983).).

Here, Plaintiffs have not alleged that they are members of a protected class, nor do they allege that Defendants engaged in any racial or class-based discrimination. Because Plaintiffs have not pled the necessary elements to state a claim, the Motion to Dismiss should be granted.

### D. PLAINTIFFS' REFERENCE TO THE "FAIR DEBT COLLECTION PRACTICES ACT" SHOULD BE DISREGARDED

Plaintiffs do not specifically allege a claim under the Fair Debt Collection Practices Act ("FDCPA"), but vaguely reference the statute (15 U.S.C. section 1692 *et seq.*) in paragraphs 25 through 30 of the Complaint. To state a claim for violation of FDCPA, "a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Gomez v. Wells Fargo Home Mortg.*, 2011 WL 5834949, at *5 (N.D. Cal. Nov. 21, 2011) (internal citations omitted).

First, Plaintiffs have failed to establish that are the target of debt collection activity by Defendants or that they have standing to pursue a claim under the FDCPA. According to 15 U.S.C. section 1692a, a "consumer" under the FDCPA only extends to a person "obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a. Indeed, Plaintiffs are not listed as "borrowers" on the subject Deed of Trust (RJN, Ex. B), but simply appear to claim and interest in the Subject Property which is encumbered by the Deed of Trust. Moreover, the Complaint is vague and conclusory in nature as it

fails to reference which provision of the FDCPA that Defendants allegedly violated.

Additionally, Plaintiffs have failed to establish that Defendants are "debt collectors" as defined by the statute. "Debt Collector" is defined in the FDCPA as "any person…in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due asserted to be owed or due another." 15 U.S.C. § 1692a(6). US Bank is the current beneficiary of the Deed of Trust (RJN, Ex. B) and SN Servicing is the current servicer of the Loan. An entity which makes efforts to collect its own debt is not a "debt collector" under the FDCPA. For example:

> Wells Fargo is not a "debt collector" within the meaning of the FDCPA because it was attempting to collect its own debt. *Valdez v. America's Wholesale Lender*, 2009 WL 5114305, at *25–26 (N.D.Cal. Dec. 18, 2009) (defendant mortgage company efforts to collect its own debt does not make defendant a 'debt collector' under the FDCPA); see also *Zhuravlev v. BAC Home Loans Servicing, LP*, 2010 WL 2873253, at *2 (N.D.Cal. July 20, 2010) (a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned). Nor is a mortgage servicing company ... a debt collector within the meaning of the FDCPA. See *Reyes–Aguilar v. Bank of America*, N.A, 2014 WL 2917049, at *10 (N.D.Cal. June 24, 2014); *Caballero v. Ocwen Loan Serv.*, 2009 WL 1528128, at *1 (N.D.Cal. May 29, 2009) (loan servicer was not "debt collector" under FDCPA); *Jelsing v. MIT Lending*, 2010 WL 2731470, at *5 (S.D.Cal. July 9, 2010) ("Plaintiffs have not alleged that Wells Fargo is a debt collector. *1114 Wells Fargo is a mortgage servicer, and [a] mortgage servicing company is not a debt collector within the meaning of the FDCPA); *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir.2009) ("a 'creditor' is not a 'debt collector' under the FDCPA"). Additionally, the overwhelming majority of courts within the Ninth Circuit have concluded that nonjudicial foreclosures do not constitute debt collection under the FDCPA. See, e.g., *Ligon v. JP Morgan Chase Bank*, 2011 WL 2550836, at *3 (N.D.Cal. June 27, 2011) (collecting cases).

*Pratap v. Wells Fargo Bank, N.A.*, 63 F.Supp.3d 1101, 1113–1114 (N.D. Cal. 2014).

/ / /

Finally, Arkley and Cecere are individuals, and despite any employment by SN Servicing or US Bank, do not meet the definition of "debt collector" under the statute. As such, Plaintiffs are unable to plead standing or that any of Defendants are "debt collectors" under the statute. The vague references to the statute should be disregarded by the Court.

### E. PLAINTIFFS' "SHOW ME THE NOTE" THEORY HAS BEEN WIDELY REJECTED

The Complaint appears to contend that Defendants cannot foreclose on the Subject Property because they "have no note" and "do not have evidence that any substantive money was in any account that was given Plaintiff, or Thomas Herbst…" (Complaint, ¶ 28(i-ii).) However, this theory has been widely rejected. "Under California law, there is no requirement for the production of an original promissory note prior to the initiation of a nonjudicial foreclosure…Therefore, the absence of an original promissory note in a nonjudicial foreclosure does not render a foreclosure invalid." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1186 (N.D. Cal. 2009). "Production of the original note is not required to proceed with a non-judicial foreclosure." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009) (citing *Patalunan v. Reunion Mortgage, Inc.,* 2009 WL 961995, at *1 (N.D. Cal. 2009); see also *Sicairos v. NDEX West, LLC*, 2009 WL 385855 at *3 (S.D. Cal. Feb. 13, 2009). Based on the forgoing authorities, and to the extent that Plaintiffs' Complaint relies on the flawed "show me the note" theory, the Complaint should be dismissed.

### V. <u>LEAVE TO AMEND SHOULD BE DENIED</u>

The court may deny leave to amend a pleading where the amendment would not cure the pleading's deficiencies. *AE v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (court may deny leave to amend where amendment would be futile or plaintiff

has failed to cure pleading's deficiencies in prior amendments); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1258 (9th Cir. 2007) (identifying "futility of amendment" as a basis for denying leave to amend).) *Pro se* pleadings are generally held to a less stringent standard than those drafted by attorneys. However, *pro se* pleadings are not exempt from the requirements of Rule 8. The court's liberal interpretation of a *pro se* complaint may not supply essential elements of a claim that is not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. Of Regents Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). As discussed above, the Complaint is vague and ambiguous. Plaintiffs fail to articulate facts sufficient to support any alleged wrongdoing by Defendants. Despite Plaintiffs' *pro se* status, the Complaint, as drafted, establishes no basis for recovery. Thus, the Court should dismiss the Complaint without leave to amend.

/ / /

/ / /

## VI. CONCLUSION

The instant Complaint should be dismissed with prejudice. No cause of action, based on the facts currently alleged, can survive a Rule 12(b)(6) attack. Plaintiffs cannot allege any facts against Defendants that would be sufficient to state a claim for relief. For all the foregoing reasons, the Complaint should be dismissed without leave to amend.

Date: March 1, 2021

Respectfully submitted,

GHIDOTTI | BERGER, LLP

/s/ *Rachel C. Witcher*
Rachel C. Witcher
Attorneys for *Defendants* **ROBIN P. ARKLEY, CEO**; **SN SERVICING CORPORATION**; **ANDY CECERE** (erroneously sued as "ANDY CECERE, CEO, as Trustee of the Bungalow Series IV Trust"); and **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST** (erroneously sued as "US BANK TRUST NATIONAL ASSOCIATION")