Rachel C. Witcher (SBN 286515)
GHIDOTTI | BERGER, LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: rwitcher@ghidottiberger.com

Attorneys for *Defendants* **ROBIN P. ARKLEY, CEO**; **SN SERVICING CORPORATION**; **ANDY CECERE** (erroneously sued as "ANDY CECERE, CEO, as Trustee of the Bungalow Series IV Trust"); and **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST** (erroneously sued as "US BANK TRUST NATIONAL ASSOCIATION")

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| PAUL JOHN HANSEN; and T J HERBST TRUST 1, a Non-Statutory Trust,<br><br>     Plaintiff,<br><br>vs.<br><br>ROBIN P. ARKLEY, CEO; SN SERVICING CORPORATION; ANDY CECERE, CEO, as Trustee of the Bungalow Series IV Trust; US BANK TRUST NATIONAL ASSOCIATION,<br><br>     Defendants. | CASE NO.: 2:20-CV-02436-KJM-CKD<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:     April 7, 2021<br>Time:    10:00 a.m.<br>Ctrm:    24, 8th floor<br>Judge:   Hon. Carolyn K. Delaney<br>Location: Robert T. Matsui Courthouse<br>          501 I Street<br>          Sacramento, CA  95814<br><br>Complaint Filed: December 9, 2020 |

# REQUEST FOR JUDICIAL NOTICE

Defendants ROBIN P. ARKLEY, CEO; SN SERVICING CORPORATION; ANDY CECERE (erroneously sued as "ANDY CECERE, CEO, as Trustee of the Bungalow Series IV Trust"); and US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST (erroneously sued as "US BANK TRUST NATIONAL ASSOCIATION") (together, "Defendants") request that the Court take judicial notice of the following documents pursuant to Rule 201 of the Federal Rules of Evidence. "Under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib., Inc.* 789 F.2d 1279, 1282, (9th Cir. 1986) (overruled on other grounds by *Astoria Fed. Sav. & Loan Ass'n Solimino,* 510 U.S. 104 (1991).) The documents are true and correct copies of those on file in the public records of the Sacramento County Recorder.

**Exhibit A:** Grant Deed recorded June 3, 2005, as Instrument No. 20050603 0278 in the Official Records of the Sacramento County Recorder.

**Exhibit B:** Deed of Trust recorded June 3, 2005, as Instrument No. 20050603 0279 in the Official Records of the Sacramento County Recorder.

**Exhibit C:** Assignment of Deed of Trust recorded on August 12, 2020, as Instrument No. 202008120487 in the Official Records of the Sacramento County Recorder.

**Exhibit D:** Notice of Default recorded October 2, 2015, as Instrument No. 20151002 0904 in the Official Records of the Sacramento County Recorder.

**Exhibit E:** Notice of Trustee's Sale recorded on October 26, 2017, as Instrument No. 201710260307 in the Official Records of the Sacramento County Recorder.

**Exhibit F:** Order Dismissing Case filed on October 3, 2017 in the matter <u>In</u>

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
*Hansen v. Robin P. Arkley, et al.,* Case No. 2:20-cv-02436-KJM-CKD

Re Thomas J. Herbst, in the U.S. Bankruptcy Court for the Northern District of California, Case No. 16-51679.

**Exhibit G:** Order Dismissing Case filed on August 14, 2018 in the matter In Re Thomas J. Herbst, in the U.S. Bankruptcy Court for the Northern District of California, Case No. 17-52776.

**Exhibit H:** Order Dismissing Case filed on September 12, 2019 in the matter In Re Thomas J. Herbst, in the U.S. Bankruptcy Court for the Northern District of California, Case No. 19-51404.

**Exhibit I:** Docket in the matter In Re Thomas J. Herbst, in the U.S. Bankruptcy Court for the Northern District of California, Case No. 19-52037.

**Exhibit J:** Order on Motion for Relief filed on June 2, 2020 in the matter In Re Thomas J. Herbst, in the U.S. Bankruptcy Court for the Northern District of California, Case No. 19-52037.

**Exhibit K:** Docket in the matter In Re Thomas J. Herbst, in the U.S. Bankruptcy Court for the Northern District of California, Case No. 21-50095.

**Exhibit L:** Voluntary Petition filed on January 27, 2021 in the matter In Re Thomas J. Herbst, in the U.S. Bankruptcy Court for the Northern District of California, Case No. 21-50095.

**Exhibit M:** Quitclaim Deed recorded on August 14, 2020, as Instrument No. 202008140124 in the Official Records of the Sacramento County Recorder.

When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. See *Mack v. S. Bay Beer Distrib., Inc.*, 789 F.2d at 1282. Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. See *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
*Hansen v. Robin P. Arkley, et al.*, Case No. 2:20-cv-02436-KJM-CKD

2006); *Lee v. City of Los Angeles*, 250 F.3d at 688-689. Under Federal Rules of Evidence, Rule 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Further, a court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Evid. 201(d); *Mullis v. U.S. Bankr. Ct. for Dist. Of Nev.* (9th Cir. 1987) 828 F.2d 1385, 1388.

The Court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Penermon v. Wells Fargo Bank, N.A.*, 47 F.Supp.3d 982, 988 (N.D. Cal. 2014), quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. City of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002). The Court may also consider complaints filed in other courts and the minutes on the docket in those courts. See, e.g., *Curry v. City of Los Angeles,* 2009 WL 1684578, at *5 (C.D. Cal. 2009); see also *Papai v. Harbor Tug and Barge Co.,* 67 F.3d 203, 207, n. 5 (9th Cir. 1995) ("Judicial notice is properly taken of orders and decisions made by other courts or administrative agencies"), reversed on other grounds in *Harbor Tug and Barge Co. v. Papai,* 520 U.S. 548 (1997); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." (internal quotation marks omitted)).

/ / /

/ / /

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
*Hansen v. Robin P. Arkley, et al.*, Case No. 2:20-cv-02436-KJM-CKD

1        Based on the foregoing, Defendants respectfully request that the Court take

2  judicial notice of the above-referenced documents in support of its motion to dismiss.

3

4  Date: March 1, 2021                      Respectfully submitted,

5                                    GHIDOTTI | BERGER, LLP

6                                    */s/ Rachel C. Witcher*

7                                    Rachel C. Witcher

Attorneys for *Defendants* **ROBIN P.**

8                                    **ARKLEY, CEO**; **SN SERVICING**

**CORPORATION**; **ANDY CECERE**

9                                    (erroneously sued as "ANDY CECERE, CEO,

as Trustee of the Bungalow Series IV Trust");

10                                 and **US BANK TRUST NATIONAL**

**ASSOCIATION AS TRUSTEE OF THE**

11                                 **BUNGALOW SERIES IV TRUST**

(erroneously sued as "US BANK TRUST

12                                 NATIONAL ASSOCIATION")

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
*Hansen v. Robin P. Arkley, et al.*, Case No. 2:20-cv-02436-KJM-CKD

Exhibit A

RECORDING REQUESTED BY

Financial Title Company

AND WHEN RECORDED MAIL TO

Name     Thomas J. Herbst

Street
Address    P.O. Box 5734

           San Jose, CA 95150

City,State
Zip

Order No. **41148156-298-CAP**

Sacramento County Recording
Mark Norris, Clerk/Recorder
BOOK **20050603** PAGE **0278**
Check Number 5932
Friday, JUN 03, 2005 9:31:42 AM
Ttl Pd $10.00 Nbr-0003619425
001-Unincorp. DTT PAID

SPM/16/1-2

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
City of ~~San Jose~~ or ☑ Unincorporated Area
City Conveyance Tax is $0.00
Parcel No. **228-0590-006**

Documentary Transfer Tax is **$703.45**
☑ computed on full value of interest or property conveyed, or
☐ full value less value of liens or encumbrances remaining at
the time of sale

*P. Gaskill / FTC - Sacramento*

Signature of Declarant or Agent Determining Tax/ Firm Name

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Robert Bruce Gillespie, a single man**

hereby GRANT(s) to

**Thomas**    . **Herbst** , an unmarried man

the following real property:
See Exhibit A attached hereto and made a part hereof.

Dated: **May 23, 2005**

STATE OF CALIFORNIA
COUNTY OF *Santa Clara* } S.S.

On *May 23, 2005* before me,

*Cherry C. Caparas*

a Notary Public in and for said County and State, personally appeared

*Robert Bruce Gillespie*

~~personally known to me~~ (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies) and that by
his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s), acted, executed the instrument.

WITNESS my hand and official seal.

Signature

*Robert Bruce Gillespie*
Robert Bruce Gillespie

CHERRY C. CAPARAS
Comm. #1332966
NOTARY PUBLIC-CALIFORNIA
Santa Clara County
My Comm. Expires Dec. 2, 2005

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON THE FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE

| Name | Street Address | City & State |
|---|---|---|

Exhibit A

All that certain real property situated in the County of Sacramento, State of California, described as follows:

Lot 6, as shown on the Map entitled, "Bellinger Estates", filed for record in Book 124 of Maps, Page 20.

Exhibit B

FINANCIAL Title Co.
41148156-298-CAP

Recording Requested By:
AMERICAN FAMILY FUNDING

And After Recording Return To:
AMERICAN FAMILY FUNDING
900 E. HAMILTON AVE #525
CAMPBELL, CALIFORNIA 95008
Loan Number: ██████558

Sacramento County Recording
Mark Norris, Clerk/Recorder
BOOK **20050603** PAGE **0279**
Check Number 5932
**Friday, JUN 03, 2005  9:31:42 AM**
Ttl Pd   $60.00    Nbr-0003619426

SPM/16/1-18

———————————————— [Space Above This Line For Recording Data] ————————————————

# DEED OF TRUST

MIN: ████████████████████

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  MAY 24, 2005                    , together with all Riders to this document.
(B) "Borrower" is THOMAS HERBST, AN UNMARRIED MAN


Borrower is the trustor under this Security Instrument.
(C) "Lender" is AMERICAN FAMILY FUNDING

Lender is a CALIFORNIA CORPORATION                                                     organized
and existing under the laws of CALIFORNIA
Lender's address is 900 E. HAMILTON AVE #525, CAMPBELL, CALIFORNIA 95008


(D) "Trustee" is JOAN H. ANDERSON


(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated  MAY 24, 2005                    .
The Note states that Borrower owes Lender THREE HUNDRED ELEVEN THOUSAND AND 00/100
            Dollars (U.S. $ 311,000.00         ) plus interest.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          *DocMagic* ☎Formsms 800-649-1362
Form 3005 01/01                          Page 1 of 14                                 *www.docmagic.com*

Ca3005.mzd.1.tem

Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JUNE 1, 2035

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☐ Second Home Rider
☐ Balloon Rider    ☐ Planned Unit Development Rider    ☐ Other(s) [specify]
☒ 1-4 Family Rider    ☐ Biweekly Payment Rider

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
        COUNTY  of      SACRAMENTO       :
    [Type of Recording Jurisdiction]        [Name of Recording Jurisdiction]

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS    DocMagic *eRorms* 800-649-1362
Form 3005 01/01    Page 2 of 14    www.docmagic.com

Ca3005.mzd.2.tem

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N. #: 228-0590-006

which currently has the address of  3635 BELLINGER COURT
                                                              [Street]

        NORTH HIGHLANDS                    , California  95660      ("Property Address"):
             [City]                                          [Zip Code]

        TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be
covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security
Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors
and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose
and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling
this Security Instrument.

        BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

        THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with
limited variations by jurisdiction to constitute a uniform security instrument covering real property.

        UNIFORM COVENANTS.  Borrower and Lender covenant and agree as follows:
        1.    Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.  Borrower shall
pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late
charges due under the Note.  Borrower shall also pay funds for Escrow Items pursuant to Section 3.  Payments due
under the Note and this Security Instrument shall be made in U.S. currency.  However, if any check or other
instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid,
Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in
one or more of the following forms, as selected by Lender:  (a) cash; (b) money order; (c) certified check, bank check,
treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured
by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

        Payments are deemed received by Lender when received at the location designated in the Note or at such other
location as may be designated by Lender in accordance with the notice provisions in Section 15.  Lender may return
any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current.  Lender
may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights
hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not

Ca3005.mzd.3.tem

                                    B-3

obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

    **2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

    If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

    Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

    **3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

    Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

    The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender

Ca3005.mzd.4.tem

shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          DocMagic *€Formas* 800-649-1362
Form 3005 01/01                                   Page 5 of 14                                              *www.docmagic.com*

Ca3005.mzd.5.tem

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                                Page 6 of 14                    DocMagic eForms 800-649-1362
www.docmagic.com

Ca3005.mzd.6.tem

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These

---

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS     DocMagic *eFarms* 800-649-1362
Form 3005 01/01        Page 7 of 14        www.docmagic.com

Ca3005.mzd.7.tem

agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          DocMagic €Farmns 800-649-1362
Form 3005 01/01                         Page 8 of 14                              www.docmagic.com

Ca3005.mzd.8.tem

SACRAMENTO,CA                           Page 8 of 18                    Printed on 9/23/2015 6:12:12 AM
Document: TD 20050603.279

B-8

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS     *DocMagic eF*ᴏʀᴍs *800-649-1362*
Form 3005 01/01               Page 9 of 14                         *www.docmagic.com*

Ca3005.mzd.9.tem

specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS     DocMagic *eFerms* 800-649-1362
Form 3005 01/01                          Page 10 of 14                                   www.docmagic.com

Ca3005.mzd.10.tem

and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The

notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

Ca3005.mzd.12.tem

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_Thomas Herbst_

_____ (Seal)          _____ (Seal)
THOMAS HERBST                    -Borrower                                         -Borrower


_____ (Seal)          _____ (Seal)
                                 -Borrower                                         -Borrower


_____ (Seal)          _____ (Seal)
                                 -Borrower                                         -Borrower


Witness:                                         Witness:


_____                 _____


CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          *DocMagic* *eForms* 800-649-1362
Form 3005 01/01                              Page 13 of 14                            www.docmagic.com

Ca3005.mzd.13.tem

B-13

State of California                                          )
County of *Santa Clara*                                     ) ss.
~~SACRAMENTO~~
On *May 24, 2005* before me, *Cherry C. Caparas*

personally appeared   THOMAS HERBST

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



CHERRY C. CAPARAS
Comm. # 1332966
NOTARY PUBLIC - CALIFORNIA
Santa Clara County
My Comm. Expires Dec. 2, 2005

NOTARY SIGNATURE

*Cherry C. Caparas*
(Typed Name of Notary)

NOTARY SEAL

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                    Page 14 of 14                    *DocMagic eForms* 800-649-1362
                                                                     *www.docmagic.com*

Ca3005.mzd.14.tem

Loan Number: ████558

Date: MAY 24, 2005

Property Address: 3635 BELLINGER COURT, NORTH HIGHLANDS, CALIFORNIA 95660

## EXHIBIT "A"

## LEGAL DESCRIPTION

**The land referred to in this Report is described as follows:**

All that certain real property situated in the County of Sacramento, State of California, described as follows:

Lot 6, as shown on the Map entitled, "Bellinger Estates", filed for record in Book 124 of Maps, Page 20.

A.P.N. # : 228-0590-006

DocMagic *e*Forms  800-649-1362
www.docmagic.com

Legal.msc

Loan Number:███558

# 1-4 FAMILY RIDER
(Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this 24th day of MAY, 2005                    ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to  AMERICAN FAMILY FUNDING, A CALIFORNIA
CORPORATION
(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

3635 BELLINGER COURT, NORTH HIGHLANDS, CALIFORNIA 95660
[Property Address]

1-4 FAMILY COVENANTS.  In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY
INSTRUMENT.  In addition to the Property described in Security Instrument, the following
items now or hereafter attached to the Property to the extent they are fixtures are added to the
Property description, and shall also constitute the Property covered by the Security Instrument:
building materials, appliances and goods of every nature whatsoever now or hereafter located
in, on, or used, or intended to be used in connection with the Property, including, but not
limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas,
water, air and light, fire prevention and extinguishing apparatus, security and access control
apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves,
refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors,
screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and
attached floor coverings, all of which, including replacements and additions thereto, shall be
deemed to be and remain a part of the Property covered by the Security Instrument.  All of the
foregoing together with the Property described in the Security Instrument (or the leasehold
estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and
the Security Instrument as the "Property."

B. USE OF PROPERTY; COMPLIANCE WITH LAW.  Borrower shall not seek,
agree to or make a change in the use of the Property or its zoning classification, unless Lender
has agreed in writing to the change.  Borrower shall comply with all laws, ordinances,
regulations and requirements of any governmental body applicable to the Property.

C. SUBORDINATE LIENS.  Except as permitted by federal law, Borrower shall not
allow any lien inferior to the Security Instrument to be perfected against the Property without
Lender's prior written permission.

MULTISTATE 1-4 FAMILY RIDER
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3170 1/01                                    Page 1 of 3

DocMagic €Ταστιπ 800-649-1362
www.docmagic.com

Us3170.rid.1.tem

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

MULTISTATE 1-4 FAMILY RIDER
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3170 1/01                              Page 2 of 3

DocMagic *eFORMS* 800-649-1362
www.docmagic.com

Us3170.rid.2.tem

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I.   CROSS-DEFAULT PROVISION.**  Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

_Thomas Herbst_ _____ (Seal)        _____ (Seal)
THOMAS HERBST            -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                        -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                        -Borrower                                -Borrower

MULTISTATE 1-4 FAMILY RIDER
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3170 1/01                    Page 3 of 3            DocMagic eForms 800-649-1362
                                                        www.docmagic.com

Us3170.rid.3.tem

Exhibit C



**Sacramento County**
**Donna Allred, Clerk/Recorder**

| Doc # **202008120487** | | Fees | $98.00 |
|---|---|---|---|
| 8/12/2020 | 8:57:02 AM | Taxes | $0.00 |
| JLW | Electronic | PCOR | $0.00 |
| Titles | 1 | | |
| Pages | 2 | Paid | $98.00 |

Prepared By and Return To:
· Maged Farag
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

Space above for Recorder's use

Loan No: ███657


12318765

### ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE IGLOO SERIES IV TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNOR), does hereby grant, assign and transfer to **US BANK TRUST N.A., AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST**, whose address is **7114 E. STETSON DR., SUITE 250, SCOTTSDALE, ARIZONA 85251**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain deed of trust, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Deed of Trust: **5/24/2005**
Original Loan Amount: **$311,000.00**
Executed by (Borrower(s)): **THOMAS HERBST**
Original Trustee: **JOAN H. ANDERSON**
Original Beneficiary: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY, AS NOMINEE FOR AMERICAN FAMILY FUNDING, ITS SUCCESSORS AND ASSIGNS**
Filed of Record:  In Book 20050603, Page 0279
Document/Instrument No: N/A in the Recording District of **Sacramento, CA**, Recorded on 6/3/2005.

Property more commonly described as: **3635 BELLINGER COURT, NORTH HIGHLANDS, CALIFORNIA 95660**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date:  7/31/2020

**US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE IGLOO SERIES IV TRUST, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT**

By: MURAT DENIZ
Title: **VICE PRESIDENT**

Witness Name: **TIFFANY ALMEYDA**

2610657 FNMA_Oct19 12318765

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of      **FLORIDA**
County of     **PINELLAS**

On 7/31/2020, before me, **BARBARA BAKA**, a Notary Public, personally appeared **MURAT DENIZ, VICE PRESIDENT** of/for **MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE IGLOO SERIES IV TRUST**, personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify the foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization and that MURAT DENIZ, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): **BARBARA BAKA**
My commission expires: 2/26/2024

Barbara Baka
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG962750
Expires 2/26/2024

2610657 FNMA_Oct19 12318765

Exhibit D

Recording Requested By:
First American Title Insurance Company

When Recorded Mail To:
**First American Title Insurance Company**
**6 Campus Cir, Bldg 6, 1st Floor**
**Westlake, TX 76262**

APN:                228-0590-006
**Property Address:  3635 BELLINGER**
**COURT**

                    **NORTH**
                    **HIGHLANDS, CA**
                    **95660**

**Sacramento County Recorder**
**Donna Allred, Clerk/Recorder**
BOOK **20151002** PAGE **0904**
**Acct 1003-SIMPLIFILE**
**Friday, OCT 02, 2015 1:29:29 PM**
**Ttl Pd   $33.00      Nbr-0008814049**
**JLW/14/1-5**

TS No. :    **CA1500271277**
TSG No. :   **8588628**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

<u>ATTENTION RECORDER:</u> THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY

- NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
  注：本文件包含一个信息摘要
  참고사항: 본 첨부 문서에 정보 요약서가 있습니다
  NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
  TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
  LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**Pursuant to California Civil Code Section 2924c(b)(1) please be advised of the following:**

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five days business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is **$42,233.28** as of **10/02/2015**, and will increase until your account becomes current.

D-1

TS No.:           **CA1500271277**     TSG No. :   **8588628**
VA/FHA/PM           ■■■■**587**
I No.:

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America**

**c/o First American Title Insurance Company**
**6 Campus Cir, Bldg 6, 1st Floor**
**Westlake, TX 76262**
**866-429-5179**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

TS No.:        **CA1500271277**          TSG No. :    **8588628**
VA/FHA/PMI No.:        ▮▮▮587

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED
## OF TRUST

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT
TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **First American Title Insurance Company** is either the original trustee, the duly appointed substitute trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **05/24/2005**, executed by:

**THOMAS HERBST, AN UNMARRIED MAN,**

as Trustor(s) to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR AMERICAN FAMILY FUNDING** as Beneficiary, recorded **06/03/2005**, (as Instrument No.) , (in Book) **20050603**, (Page) **0279** of Official Records in the Office of the Recorder of **SACRAMENTO COUNTY, CALIFORNIA** describing land therein as:
**AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST**

said obligations including ONE NOTE FOR THE ORIGINAL sum of **$311,000.00**.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 2/1/2014 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES. NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

D-3

TS No.:         **CA1500271277**              TSG No. :   **8588628**
VA/FHA/PMI No.:        ████**587**

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

That by reason thereof, the present beneficiary under such deed of trust, or its agent, has delivered to said duly appointed Trustee, a written request to commence foreclosure,  and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 10-2-15

**First American Title Insurance Company**
**6 Campus Cir, Bldg 6, 1st Floor**
**Westlake TX 76262**

By: _____
                              (signature)

Name: _____
                    DeeAnn Gregory
                    Authorized Signatory

Title: _____

**First American Title Insurance Company MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

See Attached Declaration

D-4

Declaration of Mortgage Servicer Pursuant to
Civil Code §2923.55(c)

**THOMAS J HERBST**

**3635 BELLINGER CT**
**NORTH HIGHLANDS, CA 95660**
**Fannie Mae (Federal National Mortgage Association)**
**Loan number:** ▓▓▓▓▓▓

The undersigned is an authorized agent of Seterus, Inc. and hereby represents and declares as follows:

1. ☐ On _____ Seterus, Inc., the servicer for Fannie Mae, made contact with the borrower(s) pursuant to California Civil Code §2923.55(b)(2) to assess the financial situation of the borrower(s) and to explore options for the borrower(s) to avoid foreclosure.

2. ☑ No contact was made with the borrower(s) despite the due diligence of the authorized agent pursuant to California Civil Code §2923.55(f), including (a) mailing a first-class letter to the borrower(s), which included a toll-free number to contact a HUD-certified housing counseling agency; (b) attempting to contact the borrower(s) by telephone at the primary telephone number on file at least three times at different hours and on different days, or determining that the primary and secondary phone numbers on file were disconnected; and (c) having received no response from the borrower(s) for 14 days after the telephone contact efforts were completed, sending an additional letter to the borrower(s) via certified mail, with return receipt requested. These efforts were made to contact the borrower(s) to assess the financial situation of the borrower(s) and to explore options for the borrower(s) to avoid foreclosure.

3. ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5. The borrower(s) surrendered the secured property as evidenced by a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, its authorized agent, or the trustee.

4. ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.The beneficiary or its authorized agent has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized, that is, there is no order on the court's docket closing or dismissing the bankruptcy case.

5. ☐ The mortgage servicer could not complete the due diligence requirements because
_____ .

I certify that this declaration is accurate, complete, and supported by competent and reliable evidence that the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

By: _____     Dated: _8/21/15_____

Name: _Jennette Hall_____

D-5

F064D

Exhibit E

||||||||||||||||||||||||||||||||

Recording Requested By:
**First American Title Insurance Company**

When Recorded Mail To:
**First American Title Insurance Company**
**4795 Regent Blvd, Mail Code 1011-F**
**Irving, TX 75063**
**866-429-5179**

**Sacramento County**
**Donna Allred, Clerk/Recorder**
Doc # **201710260307**

| | | Fees | $24.00 |
|---|---|---|---|
| 10/26/2017 | 8:59:37 AM | Taxes | $0.00 |
| MCY | Electronic | PCOR | $0.00 |
| Titles | 1 | Paid | $24.00 |
| Pages | 2 | | |

TSG No.:          8588628
TS No.:          CA1500271277
FHA/VA/PMI No.:
APN:          228-0590-006-0000
Property Address:  **3635 BELLINGER COURT**
                   **NORTH HIGHLANDS, CA 95660**

### NOTICE OF TRUSTEE'S SALE

**ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 05/24/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On **11/20/2017 at 09:00 A.M.**, **First American Title Insurance Company**, as duly appointed Trustee under and pursuant to Deed of Trust recorded **06/03/2005**, as Instrument No. , in book 20050603, page *0279*, , of Official Records in the office of the County Recorder of **SACRAMENTO** County, State of **California**. Executed by:

**THOMAS HERBST, AN UNMARRIED MAN,**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (Payable at time of sale in lawful money of the United States)  **Gordon D. Schaber Sacramento County Courthouse, 720 9th Street, Sacramento, CA 95814**

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST APN# 228-0590-006-0000

The street address and other common designation, if any, of the real property described above is purported to be:
**3635 BELLINGER COURT, NORTH HIGHLANDS, CA 95660**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$361,130.81**. The beneficiary under said Deed of Trust has deposited all documents evidencing the obligations secured by the Deed of Trust and has declared all sums secured thereby immediately due and payable, and has caused a written Notice of Default and Election to Sell to be executed. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located.

E-1

**Trustee Sale No.   CA1500271277**

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and if applicable, the rescheduled time and date for the sale of this property, you may call **800-280-2832** or visit this Internet Web **www.Auction.com** , using the file number assigned to this case **CA1500271277** Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

*If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.*

**Date:** 10-25-17

**First American Title Insurance Company**
**4795 Regent Blvd, Mail Code 1011-F**
**Irving, TX 75063**

**First American Title Insurance Company MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE**

_____
Katherine White
Authorized Signatory

FOR TRUSTEES SALE INFORMATION PLEASE CALL
**800-280-2832**

E-2

Exhibit F



1  DEVIN DERHAM-BURK #104353
   CHAPTER 13 STANDING TRUSTEE
2  DEVIN L. PACE #256514
   NANETTE DUMAS #148261
3  JANE Z. BOHRER #243692
   P O Box 50013
4  San Jose, CA 95150-0013

5  Telephone: (408) 354-4413
   Facsimile:  (408) 354-5513

The following constitutes
the order of the court. Signed October 2, 2017

6  

   **Stephen L. Johnson**
7  **U.S. Bankruptcy Judge**

8         UNITED STATES BANKRUPTCY COURT
9     NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

10 IN RE:                          CHAPTER 13 CASE NO. 16-51679 SLJ

11                                 ORDER DISMISSING CASE

12 THOMAS J HERBST,
                                   Hearing Date:  September 21, 2017
13                                 Hearing Time:  11:30 a.m.
                                   Judge:  Hon. Stephen L. Johnson
14                                 Place: U.S. Bankruptcy Court
                    Debtor(s)              280 S. First St., Courtroom 3099
15                                         San Jose, California 95113

16

17      The matter came on for hearing on the Trustee's Motion to Dismiss Pursuant to 11

18 U.S.C. §1307(c) on September 21, 2017; all appearances were stated on the record. For the

19 reasons stated on the record and good cause appearing therefore,.  Therefore,

20      IT IS HEREBY ORDERED THAT:  this case is dismissed without prejudice for each

21 reason set forth on the record in open court.

22
        IT IS FURTHER ORDERED THAT:  After payment of allowed adequate protection
23
   payments, administrative costs or fees, Trustee shall return to the Debtor(s) any remaining
24
   balance of the Debtor funds on hand.  Notwithstanding dismissal of the case, Trustee shall remit
25
   to the Clerk of the Court funds from any previously disbursed check that remains uncashed.
26

27

1    Trustee shall submit at a later date her Trustee's Final Report for approval by the Court.  Notice

2    of this dismissal shall be served upon all parties by the Clerk of the Court.

3

4                                   ***END OF ORDER***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1    <u>COURT SERVICE LIST</u>

2    Registered ECF Participants will receive an electronically mailed copy of the foregoing
     document.
3

4    Non-registered parties, and/or those not represented by a registered ECF participant:

5

     NONE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Exhibit G

DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE #256514
NANETTE DUMAS #148261
JANE Z. BOHRER #243692
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

The following constitutes
the order of the court. Signed August 13, 2018

_Stephen Johnson_

**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE: | CHAPTER 13 CASE NO. 17-52776 SLJ |
| | **ORDER DISMISSING CASE** |
| THOMAS J HERBST, | Hearing Date: August 8, 2018 |
| | Hearing Time: 2:30 p.m. |
| | Judge: Hon. Stephen L. Johnson |
| | Place: U.S. Bankruptcy Court |
| | 280 S. First St., Courtroom 3099 |
| | San Jose, California 95113 |
| Debtor(s) | |

The matter came on for hearing on the Trustee's Motion to Dismiss for Failure to File Proof of Direct Payment of Long-Term Debt on August 8, 2018; all appearances were stated on the record. For the reasons stated on the record and good cause appearing therefore, Therefore,

IT IS HEREBY ORDERED THAT: this case is dismissed without prejudice for each reason set forth on the record in open court.

IT IS FURTHER ORDERED THAT: The court will retain jurisdiction on all remaining matters currently pending in this case.

IT IS FURTHER ORDERED THAT: After payment of allowed adequate protection payments, administrative costs or fees, Trustee shall return to the Debtor(s) any remaining

balance of the Debtor funds on hand. Notwithstanding dismissal of the case, Trustee shall remit to the Clerk of the Court funds from any previously disbursed check that remains uncashed. Trustee shall submit at a later date her Trustee's Final Report for approval by the Court. Notice of this dismissal shall be served upon all parties by the Clerk of the Court.

***END OF ORDER***

## COURT SERVICE LIST

1

2  Registered ECF Participants will receive an electronically mailed copy of the foregoing

3  document.

4  Non-registered parties, and/or those not represented by a registered ECF participant:

5

6  NONE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

G-3

Exhibit H



The following constitutes the order of the Court.
Signed: September 12, 2019

*M. Elaine Hammond*

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re                                          ) Case No. 19-51404 MEH
                                               )
THOMAS J. HERBST,                              ) Chapter 13
                                               )
                                               )
                                               )
                          Debtor.              )
                                               )
                                               )
_____       )

## ORDER OF DISMISSAL

Upon review of the Debtor's Motion for Voluntary Dismissal of Chapter 13 Case, and good cause appearing, it is

ORDERED that this case is dismissed.

IT IS FURTHER ORDERED that the Chapter 13 Trustee's Motion to Dismiss is denied as moot.

**END OF ORDER**

H-1

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

**COURT SERVICE LIST**

Thomas J Herbst

PO Box 625

Redwood Estates, CA 95044

All ECF Recipients

**UNITED STATES BANKRUPTCY COURT**
**for the Northern District of California**

2

H-2

Exhibit I

# 5:19-bk-52037 | Thomas J Herbst

Docket Header Last Updated: 02/02/2021 04:15 pm

CLOSED, MEANSNO

**U.S. Bankruptcy Court**
**California Northern Bankruptcy Court (San Jose)**
**Bankruptcy Petition #: 19-52037**

|  |  |
|---|---|
| *Date filed:* | 10/07/2019 |

*Assigned to:* Judge Stephen L. Johnson

Chapter 7

Voluntary

Asset

| | |
|---|---|
| *Date terminated:* | 12/11/2020 |
| *Debtor discharged:* | 03/13/2020 |
| *341 meeting:* | 01/23/2020 |

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| *Deadline for filing claims:* | 02/07/2020 |
| *Deadline for objecting to discharge:* | 01/06/2020 |
| *Deadline for financial mgmt. course:* | 11/21/2019 |

---

**Debtor**

**Thomas J Herbst**

PO Box 625

Redwood Estates, CA 95044

SANTA CLARA-CA

SSN / ITIN: xxx-xx-6758

represented by    **Thomas J Herbst**

PRO SE

---

**Trustee**

**Doris A. Kaelin**

P.O. Box 1582

Santa Cruz, CA 95061

(831)600-8093

represented by    **Sandi Meneely Colabianchi**

Law Offices of Gordon and Rees

275 Battery St. #2000

San Francisco, CA 94111

(415)986-5900

Email: scolabianchi@grsm.com

 

**Doris A. Kaelin**

P.O. Box 1582

Santa Cruz, CA 95061

(831)600-8093

Email: dktrustee@gmail.com

---

**U.S. Trustee**

**Office of the U.S. Trustee / SJ**

U.S. Federal Bldg.

280 S 1st St. #268

I-1

San Jose, CA 95113-3004

( )

| Date Filed | # | Docket Text | |
|---|---|---|---|
| 12/13/2020 | **53** | BNC Certificate of Mailing (RE: related document(s) 52 Final Decree). Notice Date 12/13/2020. (Admin.) (Entered: 12/13/2020) | Update/Redact |
| 12/11/2020 | | Bankruptcy Case Closed. (aw) (Entered: 12/11/2020) | Update/Redact |
| 12/11/2020 | **52** | Final Decree (aw) (Entered: 12/11/2020) | Update/Redact |
| 12/10/2020 | **51** | Chapter 7 Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged filed on behalf of Trustee, Doris A. Kaelin. The United States Trustee has reviewed the Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged. The United States Trustee does not object to the relief requested. Filed by Trustee Doris A. Kaelin. (Laffredi, Tim (yw)) (Entered: 12/10/2020) | Update/Redact |
| 08/04/2020 | **50** | Order Approving Final Fee Application Of Gordon Rees Scully Mansukhani LLP(Counsel To Chapter 7 Trustee) (Related Doc # 42). fees awarded: $2042.50, expenses awarded: $0.00 for Gordon Rees Scully Mansukhani, LLP (al) (Entered: 08/04/2020) | Update/Redact |
| 08/04/2020 | **49** | Order Approving Trustees Final Account And Awarding Fees And Expenses (Related Doc # 44). fees awarded: $305.37, expenses awarded: $5.50 for Doris A. Kaelin (al) (Entered: 08/04/2020) | Update/Redact |
| 08/03/2020 | | Hearing Dropped per Docket Text Order entered on 8/3/2020. (RE: related document(s) 42 Application for Compensation). (al) (Entered: 08/03/2020) | Update/Redact |
| 08/03/2020 | | Hearing Dropped per Docket Text Order entered on 8/3/2020. (RE: related document(s) 44, 45 Final Meeting Sched/Resched Filed by Trustee Doris A. Kaelin). (al) (Entered: 08/03/2020) | Update/Redact |
| 08/03/2020 | | **DOCKET TEXT ORDER** (no separate order issued:) Trustee has filed a final report and has requested compensation. The trustees professionals have also filed fee applications. The court notes there is no timely opposition to these applications. Briefing and argument are therefore complete. The court would not benefit from oral argument. The court has reviewed the applications and finds they were (1) properly noticed and served, (2) appear proper in form and substance, and (3) are consistent with § 326 and § 330. The court vacates the hearing date in view of the closure of the courthouse and sheltering required by local authorities in response to the COVID-19 virus. The trustee and the trustees professionals are directed to upload orders in the ECF system. No appearances are required at the date and time specified in the notice of hearing. (RE: related document(s) 42 Application for Compensation, 44 Application for Compensation filed by Trustee Doris A. Kaelin). (Johnson, Stephen) (Entered: 08/03/2020) | Update/Redact |
| 07/11/2020 | **48** | BNC Certificate of Mailing (RE: related document(s) 46 Notice of Final Report). Notice Date 07/11/2020. (Admin.) (Entered: 07/11/2020) | Update/Redact |
| 07/11/2020 | **47** | BNC Certificate of Mailing - PDF Document. (RE: related document(s) 45 Final Meeting Sched/Resched). Notice Date 07/11/2020. (Admin.) (Entered: 07/11/2020) | Update/Redact |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/08/2020 | **46** | Notice of Filing of Trustee's Final Report . Filed by Trustee Doris A. Kaelin. (Laffredi, Timothy (pv)) (Entered: 07/08/2020) *Update/Redact* |
| 07/08/2020 | **45** | Notice of Hearing on Trustee's Final Application(s) for Compensation. **Final Meeting scheduled for 8/5/2020 at 01:30 PM via Tele/Videoconference - www.canb.uscourts.gov/calendars.** Filed by Trustee Doris A. Kaelin. (Laffredi, Timothy (pv)) (Entered: 07/08/2020) *Update/Redact* |
| 07/08/2020 | **44** | Application for Compensation for Doris A. Kaelin, Trustee Chapter 7, Fee: $305.37, Expenses: $0. The UST has reviewed the Application for Compensation of the trustee and submitted to the U.S. Bankruptcy Court for filing. Filed by Trustee Doris A. Kaelin. (Attachments: # 1 Case Narrative) (Laffredi, Timothy (pv)) (Entered: 07/08/2020) *Update/Redact* |
| 07/08/2020 | **43** | Chapter 7 Trustee's Final Report filed on behalf of Trustee Doris A. Kaelin. The United States Trustee has reviewed the Chapter 7 Trustee's Final Report. Filed by Trustee Doris A. Kaelin. (Laffredi, Timothy (pv)) (Entered: 07/08/2020) *Update/Redact* |
| 06/08/2020 | **42** | Final Application for Compensation for Gordon Rees Scully Mansukhani, LLP, Trustee's Attorney, Fee: $2,042.50, Expenses: $0. Filed by Trustee Attorney Gordon Rees Scully Mansukhani, LLP (Attachments: # 1 Declaration of Sandi Colabianchi # 2 Certificate of Service) (Colabianchi, Sandi) (Entered: 06/08/2020) *Update/Redact* |
| 06/04/2020 | **41** | BNC Certificate of Mailing (RE: related document(s) 40 Order on Motion for Relief From Stay). Notice Date 06/04/2020. (Admin.) (Entered: 06/04/2020) *Update/Redact* |
| 06/02/2020 | **40** | Order on Motion for Relief From Automatic Stay (Related Doc # 34) (al) (Entered: 06/02/2020) *Update/Redact* |
| 06/02/2020 | **39** | Certificate of Service *Order on Motion for Relief From Automatic Stay* Filed by Creditor US Bank Trust National Association as Trustee for the Igloo Series IV Trust (Marth, Angie). Related document(s) 40 Order on Motion for Relief From Stay. CORRECTIVE ENTRY: Clerk removed linkage to document #34 and added linkage to document #40. Modified on 6/3/2020 (tp). (Entered: 06/02/2020) *Update/Redact* |
| 06/02/2020 |  | Hearing Held (related document(s): 34 Motion for Relief From Stay filed by US Bank Trust National Association as Trustee for the Igloo Series IV Trust) Adam Thursby appearing on behalf of the Movant. No apperance by Debtor. Motion is granted including the waiver of the 14 day stay. Movant to upload an order. (al) (Entered: 06/02/2020) *Update/Redact* |
| 06/02/2020 |  | Hearing Held (related document(s): 34 Motion for Relief From Stay filed by US Bank Trust National Association as Trustee for the Igloo Series IV Trust) Adam Thursby appearing on behalf of the Movant. No apperance by Debtor. Motion is granted including the waiver of the 14 day stay. Movant to upload an order. (al) (Entered: 06/02/2020) *Update/Redact* |
| 05/24/2020 | **38** | BNC Certificate of Mailing (RE: related document(s) 37 Order To Set Hearing). Notice Date 05/24/2020. (Admin.) (Entered: 05/24/2020) *Update/Redact* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/22/2020 | **37** | Order Restoring Motion for Relief from Automatic Stay to Calendar for Hearing (RE: related document(s) 34 Motion for Relief From Stay filed by Creditor US Bank Trust National Association as Trustee for the Igloo Series IV Trust). **Hearing scheduled for 6/2/2020 at 10:00 AM at Tele/Videoconference.** (al) (Entered: 05/22/2020) *Update/Redact* |
| 05/19/2020 | **36** | Certificate of Service *re: Order Granting Motion for Relief from Automatic Stay* (RE: related document(s) 34 Motion for Relief From Stay). Filed by Creditor US Bank Trust National Association as Trustee for the Igloo Series IV Trust (Marth, Angie) (Entered: 05/19/2020) *Update/Redact* |
| 05/19/2020 | | Hearing Held (related document(s): 34 Motion for Relief From Stay filed by US Bank Trust National Association as Trustee for the Igloo Series IV Trust) Angie Marth appearing on behalf of the Movant and no appearance by the Debtor. Motion is granted including the waiver of the 14 day stay. Movant to upload an order. (al) (Entered: 05/19/2020) *Update/Redact* |
| 04/21/2020 | | Receipt of filing fee for Motion for Relief From Stay(19-52037) [motion,mrlfsty] ( 181.00). Receipt number 30454296, amount $ 181.00 (re: Doc# 34 Motion for Relief from Stay Fee Amount $181,) (U.S. Treasury) (Entered: 04/21/2020) *Update/Redact* |
| 04/21/2020 | **35** | Notice of Hearing *on Motion for Relief from Automatic Stay* (RE: related document(s) 34 Motion for Relief from Stay Fee Amount $181, Filed by Creditor US Bank Trust National Association as Trustee for the Igloo Series IV Trust (Attachments: # 1 RS Cover Sheet # 2 Declaration # 3 Exhibit # 4 Certificate of Service)). **Hearing scheduled for 5/19/2020 at 10:00 AM at San Jose Courtroom 9 - Johnson.** Filed by Creditor US Bank Trust National Association as Trustee for the Igloo Series IV Trust (Marth, Angie) (Entered: 04/21/2020) *Update/Redact* |
| 04/21/2020 | **34** | Motion for Relief from Stay Fee Amount $181, Filed by Creditor US Bank Trust National Association as Trustee for the Igloo Series IV Trust (Attachments: # 1 RS Cover Sheet # 2 Declaration # 3 Exhibit # 4 Certificate of Service) (Marth, Angie) (Entered: 04/21/2020) *Update/Redact* |
| 03/15/2020 | **33** | BNC Certificate of Mailing - Order of Discharge. (RE: related document(s) 32 Order Discharging Debtor). Notice Date 03/15/2020. (Admin.) (Entered: 03/15/2020) *Update/Redact* |
| 03/13/2020 | **32** | Order Discharging Debtor (RE: related document(s) Meeting (Chapter 7)). Case Management Action due after 9/9/2020 . (lm) (Entered: 03/13/2020) *Update/Redact* |
| 01/24/2020 | | Meeting of Creditors Held and Concluded [holding date; appearances excused] (Kaelin, Doris) (Entered: 01/24/2020) *Update/Redact* |
| 01/09/2020 | | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Meeting of Creditors Continued. Next Meeting of Creditors to be Held on 1/23/2020 at 10:30 AM at San Jose Room 130. [holding date; appearances excused] (Kaelin, Doris) (Entered: 01/09/2020) *Update/Redact* |
| 01/03/2020 | | Receipt of Amendment Filing Fee. Amount 31.00 from Thomas Herbst. Receipt Number 50102076. (admin) (Entered: 01/03/2020) *Update/Redact* |
| 01/03/2020 | **31** | Amended Schedule D Schedule E/F . Fee Amount $31 . Filed by Debtor Thomas J Herbst (rdr) (Entered: 01/03/2020) *Update/Redact* |

I-4

| Date Filed | # | Docket Text |
|---|---|---|
| 01/03/2020 | **30** | Amended Statement of Financial Affairs for Individual , Statement of Intent. Filed by Debtor Thomas J Herbst (rdr) (Entered: 01/03/2020)     *Update/Redact* |
| 01/03/2020 | **29** | Amended Schedule A/B, Schedule C, Schedule G, Schedule H, Schedule I, Schedule J. , Statistical Summary of Certain Liabilities., Declaration About Individual Debtor's Schedule Filed by Debtor Thomas J Herbst (rdr) (Entered: 01/03/2020)     *Update/Redact* |
| 12/20/2019 | | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Meeting of Creditors Continued. Next Meeting of Creditors to be Held on 1/8/2020 at 10:30 AM at San Jose Room 130. Debtor appeared. (Kaelin, Doris) (Entered: 12/20/2019)     *Update/Redact* |
| 12/05/2019 | **28** | Order Authorizing Employment Of Accountant (Related Doc # 23) (al) (Entered: 12/06/2019)     *Update/Redact* |
| 11/29/2019 | **27** | Personal Financial Management Course Certificate. Filed by Debtor Thomas J Herbst (Bhatt, Jai) (Entered: 11/29/2019)     *Update/Redact* |
| 11/27/2019 | **26** | BNC Certificate of Mailing (RE: related document(s) 22 Notice of Deficiency Financial Management Course). Notice Date 11/27/2019. (Admin.) (Entered: 11/27/2019)     *Update/Redact* |
| 11/26/2019 | **25** | Corrected Certificate of Service *(Replaces Docket No. 24)* (RE: related document(s) 23 Application to Employ Kokjer, Pierotti, Maiocco & Duck LLP as Accountant ). Filed by Trustee Accountant Richard L. Pierotti (Pierotti, Richard) (Entered: 11/26/2019)     *Update/Redact* |
| 11/26/2019 | **24** | Certificate of Service (RE: related document(s) 23 Application to Employ Kokjer, Pierotti, Maiocco & Duck LLP as Accountant ). Filed by Trustee Accountant Richard L. Pierotti (Pierotti, Richard) (Entered: 11/26/2019)     *Update/Redact* |
| 11/26/2019 | **23** | Application to Employ Kokjer, Pierotti, Maiocco & Duck LLP as Accountant Filed by Trustee Doris A. Kaelin (Attachments: # 1 Declaration) (Kaelin, Doris) (Entered: 11/26/2019)     *Update/Redact* |
| 11/22/2019 | **22** | Notice of Deficiency of Financial Management Course Certificate Due Before Discharge (admin) (Entered: 11/22/2019)     *Update/Redact* |
| 11/14/2019 | **21** | BNC Certificate of Mailing - Notice of Possible Dividend. (RE: related document(s) 20 Notice of Possible Dividends). Notice Date 11/14/2019. (Admin.) (Entered: 11/14/2019)     *Update/Redact* |
| 11/09/2019 | **20** | Notice of Possible Dividends Proofs of Claims due by 02/07/2020 (admin) (Entered: 11/11/2019)     *Update/Redact* |
| 11/09/2019 | **19** | Certificate of Service (RE: related document(s) 18 Notice of Abandonment Property). Filed by Trustee Doris A. Kaelin (Attachments: # 1 Exhibit) (Kaelin, Doris) (Entered: 11/09/2019)     *Update/Redact* |
| 11/09/2019 | **18** | Notice of Abandonment of Property *[Estate's Interest in Real Property (3635 Bellinger Court, North Highland, CA)]*. Filed by Trustee Doris A. Kaelin (Kaelin, Doris) (Entered: 11/09/2019)     *Update/Redact* |
| 11/09/2019 | **17** | Trustee's Request for Notice of Possible Dividends . (Kaelin, Doris) (Entered: 11/09/2019)     *Update/Redact* |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2019 | **16** | BNC Certificate of Mailing (RE: related document(s) 14 Order on Application to Employ). Notice Date 11/08/2019. (Admin.) (Entered: 11/08/2019) *Update/Redact* |
| 11/08/2019 | | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Meeting of Creditors Continued. Next Meeting of Creditors to be Held on 12/19/2019 at 10:30 AM at San Jose Room 130. Debtor appeared. (Kaelin, Doris) (Entered: 11/08/2019) *Update/Redact* |
| 11/07/2019 | **15** | BNC Certificate of Mailing (RE: related document(s) 13 Order and Notice Regarding Failure to Submit Tax Returns). Notice Date 11/07/2019. (Admin.) (Entered: 11/07/2019) *Update/Redact* |
| 11/05/2019 | **14** | Order Authorizing Trustee's Employment of Counsel (Gordon Rees Schully and Mansukhani, LLP) (Related Doc # 12) (al) (Entered: 11/06/2019) *Update/Redact* |
| 11/04/2019 | **13** | Order and Notice Regarding Failure of the Debtor(s) to Submit a Copy of their Federal Income Tax Return(s) to the Trustee as Required by 11 U.S.C. Section 521(e)(2)(A)(i)(admin) (Entered: 11/04/2019) *Update/Redact* |
| 11/04/2019 | | The trustee declares, under penalty of perjury, that the debtor(s) named above have failed to submit a copy of their federal income tax document(s) as required by 11 U.S.C. Section 521 (e)(2)(A)(i) . (Kaelin, Doris) (Entered: 11/04/2019) *Update/Redact* |
| 10/29/2019 | **12** | Application to Employ Gordon Rees Scully Mansukhani, LLP as Trustee's Attorney Filed by Trustee Doris A. Kaelin (Attachments: # 1 Declaration of Sandi Colabianchi # 2 Certificate of Service) (Colabianchi, Sandi) (Entered: 10/29/2019) *Update/Redact* |
| 10/22/2019 | **11** | Notice of Appearance and Request for Notice by Nichole Glowin. Filed by Creditor FEDERAL NATIONAL MORTGAGE ASSOCIATION BY NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AS THEIR ATTORNEY-IN-FACT (Glowin, Nichole) (Entered: 10/22/2019) *Update/Redact* |
| 10/18/2019 | **10** | Chapter 7 Statement of Your Current Monthly Income Filed by Debtor Thomas J Herbst (tp) (Entered: 10/18/2019) *Update/Redact* |
| 10/18/2019 | **9** | Summary of Assets and Liabilities for Individual , Schedules A - J , Declaration About Individual Debtor's Schedule , Statement of Financial Affairs for Individual , Statement of Intent. Filed by Debtor Thomas J Herbst (Attachments: # 1 Balance of petition) (tp) (Entered: 10/18/2019) *Update/Redact* |
| 10/09/2019 | **8** | BNC Certificate of Mailing (RE: related document(s) 6 Order to File Missing Documents). Notice Date 10/09/2019. (Admin.) (Entered: 10/09/2019) *Update/Redact* |
| 10/09/2019 | **7** | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s) 5 Generate 341 Notices). Notice Date 10/09/2019. (Admin.) (Entered: 10/09/2019) *Update/Redact* |
| 10/08/2019 | | Notice of Debtor's Prior Filings for debtor Thomas J Herbst Case Number 16-51679, Chapter 13 filed in California Northern Bankruptcy Court on 06/06/2016 , Dismissed for Other Reason on 10/02/2017; Case Number 19-51404, Chapter 13 filed in California Northern Bankruptcy Court on 07/12/2019; Case Number 17-52776, Chapter 13 filed in California Northern Bankruptcy Court on 11/17/2017 , Dismissed for Other Reason on 08/13/2018.(Admin) (Entered: 10/08/2019) *Update/Redact* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/07/2019 | | Receipt of Filing Fee for Chapter 7 Voluntary Petition. Amount 25.00 from Thomas J Herbst. Receipt Number 50101894. (admin) (Entered: 10/07/2019) *Update/Redact* |
| 10/07/2019 | | Receipt of Filing Fee for Chapter 7 Voluntary Petition. Amount 310.00 from Thomas J Herbst. Receipt Number 50101894. (admin) (Entered: 10/07/2019) *Update/Redact* |
| 10/07/2019 | 6 | Order to File Required Documents and Notice of Automatic Dismissal. (aw) (Entered: 10/07/2019) *Update/Redact* |
| 10/07/2019 | 5 | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines (Generated) (aw) (Entered: 10/07/2019) *Update/Redact* |
| 10/07/2019 | 4 | Certificate of Credit Counseling Filed by Debtor Thomas J Herbst (aw) (Entered: 10/07/2019) *Update/Redact* |
| 10/07/2019 | 3 | Creditor Matrix Filed by Debtor Thomas J Herbst (aw) (Entered: 10/07/2019) *Update/Redact* |
| 10/07/2019 | 2 | Statement of Social Security Number. Filed by Debtor Thomas J Herbst (aw) (Entered: 10/07/2019) *Update/Redact* |
| 10/07/2019 | | First Meeting of Creditors with 341(a) meeting to be held on 11/07/2019 at 11:00 AM at San Jose Room 130. Objections for Discharge due by 01/06/2020 . (aw) (Entered: 10/07/2019) *Update/Redact* |
| 10/07/2019 | 1 | Chapter 7 Voluntary Petition for Individuals. Fee Amount $335. Financial Management Certificate Due Prior to Discharge. Filed by Thomas J Herbst . Incomplete Filings due by 10/21/2019 . Order Meeting of Creditors due by 10/21/2019 . (aw) NOTE: No selection made on question # 19. Modified on 10/8/2019 (aw). (Entered: 10/07/2019) *Update/Redact* |

I-7

Exhibit J



1  L. Bryant Jaquez, Esq., (SBN: 252125)
   Angie Marth, Esq. (SBN: 264567)
2  GHIDOTTI | BERGER LLP
3  1920 Old Tustin Ave.
   Santa Ana, CA 92705
4  Ph: (949) 427-2010 ext. 1033
   Fax: (949) 427-2732
5  amarth@ghidottiberger.com

**The following constitutes the order of the Court.
Signed: June 2, 2020**

*Stephen Johnson*

_____

**Stephen L. Johnson
U.S. Bankruptcy Judge**

Attorney for Movant,
US Bank Trust National Association as Trustee for the Igloo Series IV Trust

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 19-52037-SLJ |
| THOMAS J HERBST | CHAPTER 7 |
| | RS No.: GB-1 |
| Debtor. | **Hearing:** |
| | Date: June 2, 2020 |
| | Time: 10:00 a.m. |
| | Ctrm: 9 |
| | Place: 280 South First Street, |
| | San Jose, CA 95113 |
| | (*at Tele/Videoconference*) |
| | Judge: Stephen L. Johnson |

## <u>ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE FOR THE IGLOO

SERIES IV TRUST's Motion for Relief from Automatic Stay came on regularly for hearing

on June 02, 2020 at 10:00 a.m. before the Honorable Judge, Stephen L. Johnson. All

appearances were as noted in the Court's record.

1

1    Based upon the pleadings contained herein and oral argument,

2        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that pursuant to 11

3    U.S.C. §362(d)(1), the Automatic Stay in the above-entitled Bankruptcy case is immediately

4    terminated and extinguished for all purposes as to Movant, US BANK TRUST NATIONAL

5    ASSOCIATION AS TRUSTEE FOR THE IGLOO SERIES IV TRUST, its assignees and/or

6    successors in interest.  Movant may exercise or cause to be exercised any and all rights under

7    its Note and/or Deed of Trust, and Movant may proceed with a foreclosure of and hold a

8    Trustee's Sale on the subject property, generally described as 3635 BELLINGER COURT,

9    NORTH HIGHLAND, CA 92660 ("Property" herein) and legally described as indicated in

10   **Exhibit "A"** incorporated herein pursuant to applicable state law, and commence any action

11   necessary to obtain complete possession of the subject Property.

12       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the 14-day stay

13   provided by Bankruptcy Rule 4001(a)(3) is waived.

14

15

16

17                              ** END OF ORDER **

18

19

20

21

22

23

24

25

26

27                              COURT SERVICE LIST

28

---

                                    2
                    ORDER ON MOTION FOR RELIEF FROM STAY

*Debtor*
**Thomas J Herbst**
PO Box 625
Redwood Estates, CA 95044

**Thomas J Herbst**
3635 Bellinger Court
North Highland, CA 92660

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3
ORDER ON MOTION FOR RELIEF FROM STAY

# EXHIBIT "A"

Loan Number: ▓▓▓▓▓▓▓▓

Date: MAY 24, 2005

Property Address: 3635 BELLINGER COURT, NORTH HIGHLANDS, CALIFORNIA
95660

## EXHIBIT "A"

## LEGAL DESCRIPTION

**The land referred to in this Report is described as follows:**

All that certain real property situated in the County of Sacramento, State of California, described as follows:

Lot 6, as shown on the Map entitled, "Bellinger Estates", filed for record in Book 124 of Maps, Page 20.

A.P.N. # : 228-0590-006

DocMagic *e*Fscrows 800-649-1362
www.docmagic.com

Legal.msc

Exhibit K

# 5:21-bk-50095 | Thomas John Herbst

Docket Header Last Updated: 02/24/2021 04:18 pm

NSP, Cruz, PRIORDIS

**U.S. Bankruptcy Court**

**California Northern Bankruptcy Court (San Jose)**

**Bankruptcy Petition #: 21-50095**

| | |
|---|---|
| *Assigned to:* Judge Stephen L. Johnson | *Date filed:*  01/27/2021 |
| Chapter 13 | *341 meeting:*  03/15/2021 |
| Voluntary | *Deadline for filing claims:*  04/07/2021 |
| Asset | |

**Debtor**

**Thomas John Herbst**

PO Box 625

Redwood Estates, CA 95044

SANTA CRUZ-CA

SSN / ITIN: xxx-xx-6758

represented by      **Aaron Lipton**

The Law Offices of Aaron Lipton

7960 B Soquel Dr. #156

Aptos, CA 95003

(831) 687-8711

Email: aaron@lipton-legal.com

**Trustee**

**Devin Derham-Burk**

P.O. Box 50013

San Jose, CA 95150-0013

(408) 354-4413

**U.S. Trustee**

**Office of the U.S. Trustee / SJ**

U.S. Federal Bldg.

280 S 1st St. #268

San Jose, CA 95113-3004

( )

| Date Filed | # | Docket Text |
|---|---|---|
| 02/24/2021 | **21** | Request for Notice Filed by Creditor NewRez LLC dba Shellpoint Mortgage Servicing (Ferry, Sean) (Entered: 02/24/2021)                    Update/Redact |
| 02/23/2021 | **20** | Statement of Financial Affairs for Individual (RE: related document(s) 1 Voluntary Petition (Chapter 13)). Filed by Debtor Thomas John Herbst (Lipton, Aaron) (Entered: 02/23/2021)                    Update/Redact |

K-1

| Date Filed | # | Docket Text |
|---|---|---|

| | | Part | Description | Pages | Action |
|---|---|---|---|---|---|
| | | 1 | Main Document | 6 | |

| 02/23/2021 | **19** | Chapter 13 Plan Filed by Debtor Thomas John Herbst. (Lipton, Aaron) (Entered: 02/23/2021) |
|---|---|---|
| | | Update/Redact |

| 02/19/2021 | **18** | Personal Financial Management Course Certificate. Filed by Debtor Thomas John Herbst (Hamblin, Erin) (Entered: 02/19/2021) Update/Redact |
|---|---|---|

| 02/13/2021 | **17** | BNC Certificate of Mailing - Chapter 13 Plan. (RE: related document(s) [14] Meeting of Creditors Chapter 13). Notice Date 02/13/2021. (Admin.) Update/Redact |
|---|---|---|

| 02/13/2021 | **16** | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s) [14] Meeting of Creditors Chapter 13). Notice Date 02/13/2021. (Admin.) Update/Redact |
|---|---|---|

| 02/11/2021 | **15** | Order on Request for Extension to File Documents (Related Doc # 13) Incomplete Filings due by 2/24/2021 for 1, (al) (Entered: 02/11/2021) Update/Redact |
|---|---|---|

| 02/11/2021 | **14** | Meeting of Creditors with Certificate of Service. 341(a) meeting to be held on 3/15/2021 at 09:30 AM Tele/Videoconference - www.canb.uscourts.gov/calendars Objection to Dischargeability due by 5/14/2021 Proofs of Claims due by 4/7/2021 Last day to object to confirmation is 3/15/2021 **Confirmation Hearing scheduled for 4/6/2021 at 09:55 AM via Tele/Videoconference - www.canb.uscourts.gov/calendars.** (Derham-Burk, Devin (cf)) (Entered: 02/11/2021) Update/Redact |
|---|---|---|

| 02/10/2021 | **13** | Ex Parte Motion to Extend Time *File Required Documents* Filed by Debtor Thomas John Herbst (Attachments: # 1 Declaration) (Lipton, Aaron) (Entered: 02/10/2021) Update/Redact |
|---|---|---|

| 02/10/2021 | **12** | Notice of Hearing *on Motion For Relief from Automatic Stay* (RE: related document(s) 11 Motion for Relief from Stay Fee Amount $188, Filed by Creditor U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust (Attachments: # 1 Declaration # 2 Exhibit # 3 RS Cover Sheet # 4 Certificate of Service)). **Hearing scheduled for 3/2/2021 at 10:30 AM via Tele/Videoconference - www.canb.uscourts.gov/calendars.** Filed by Creditor U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust (Thursby, Adam) (Entered: 02/10/2021) Update/Redact |
|---|---|---|

| 02/10/2021 | | Receipt of filing fee for Motion for Relief From Stay(21-50095) [motion,mrlfsty] ( 188.00). Receipt number 31093770, amount $ 188.00 (re: Doc# 11 Motion for Relief from Stay Fee Amount $188,) (U.S. Treasury) (Entered: 02/10/2021) Update/Redact |
|---|---|---|

| 02/10/2021 | **11** | Motion for Relief from Stay Fee Amount $188, Filed by Creditor U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust (Attachments: # 1 Declaration # 2 Exhibit # 3 RS Cover Sheet # 4 Certificate of Service) (Thursby, Adam) (Entered: 02/10/2021) Update/Redact |
|---|---|---|

| 02/03/2021 | **10** | Notice of Appearance and Request for Notice by Erica Loftis. Filed by Creditor U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust (Loftis, Erica) (Entered: 02/03/2021) Update/Redact |
|---|---|---|

| 01/31/2021 | **9** | BNC Certificate of Mailing (RE: related document(s) 7 Order Re Ch 13 Plan and Adequate Protection Payments). Notice Date 01/31/2021. (Admin.) (Entered: 01/31/2021) Update/Redact |
|---|---|---|

| Date Filed | # | Docket Text |
|---|---|---|
| 01/29/2021 | 8 | BNC Certificate of Mailing (RE: related document(s) 6 Order to File Missing Documents). Notice Date 01/29/2021. (Admin.) (Entered: 01/29/2021) <br> *Update/Redact* |
| 01/28/2021 | 7 | Order Re: Chapter 13 Plan Payments and Adequate Protection Payments (admin) (Entered: 01/28/2021) <br> *Update/Redact* |
| 01/28/2021 | | Notice of Debtor's Prior Filings for debtor Thomas John Herbst Case Number 16-51679, Chapter 13 filed in California Northern Bankruptcy Court on 06/06/2016 , Dismissed for Other Reason on 10/02/2017; Case Number 19-52037, Chapter 7 filed in California Northern Bankruptcy Court on 10/07/2019 , Standard Discharge on 03/13/2020; Case Number 17-52776, Chapter 13 filed in California Northern Bankruptcy Court on 11/17/2017 , Dismissed for Other Reason on 08/13/2018; Case Number 19-51404, Chapter 13 filed in California Northern Bankruptcy Court on 07/12/2019 , Dismissed for Other Reason on 09/12/2019.(Admin) <br> *Update/Redact* |
| 01/28/2021 | | Notice of Debtor's Prior Filings for debtor Thomas John Herbst Case Number 16-51679, Chapter 13 filed in California Northern Bankruptcy Court on 06/06/2016 , Dismissed for Other Reason on 10/02/2017; Case Number 19-52037, Chapter 7 filed in California Northern Bankruptcy Court on 10/07/2019 , Standard Discharge on 03/13/2020; Case Number 17-52776, Chapter 13 filed in California Northern Bankruptcy Court on 11/17/2017 , Dismissed for Other Reason on 08/13/2018; Case Number 19-51404, Chapter 13 filed in California Northern Bankruptcy Court on 07/12/2019 , Dismissed for Other Reason on 09/12/2019.(Admin) (Entered: 01/28/2021) <br> *Update/Redact* |
| 01/27/2021 | 6 | Order to File Required Documents and Notice of Automatic Dismissal. (myt) (Entered: 01/27/2021) <br> *Update/Redact* |
| 01/27/2021 | | Receipt of filing fee for Voluntary Petition (Chapter 13)(21-50095) [misc,volp13] ( 313.00). Receipt number 31035731, amount $ 313.00 (re: Doc# 1 Voluntary Petition (Chapter 13)) (U.S. Treasury) (Entered: 01/27/2021) <br> *Update/Redact* |
| 01/27/2021 | 5 | Certificate of Credit Counseling Filed by Debtor Thomas John Herbst (Lipton, Aaron) (Entered: 01/27/2021) <br> *Update/Redact* |
| 01/27/2021 | 4 | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years. Disposable Income Is Not Determined Filed by Debtor Thomas John Herbst (Lipton, Aaron) (Entered: 01/27/2021) <br> *Update/Redact* |
| 01/27/2021 | 3 | Statement of Social Security Number. Filed by Debtor Thomas John Herbst (Lipton, Aaron) (Entered: 01/27/2021) <br> *Update/Redact* |
| 01/27/2021 | 2 | Disclosure of Compensation of Attorney for Debtor in the Amount of $ 7600 Filed by Debtor Thomas John Herbst (Lipton, Aaron) (Entered: 01/27/2021) <br> *Update/Redact* |
| 01/27/2021 | 1 | Chapter 13 Voluntary Petition Individual, Fee Amount $313. Filed by Thomas John Herbst. Incomplete Filings due by 02/10/2021 . Order Meeting of Creditors due by 02/26/2021 . (Lipton, Aaron) (Entered: 01/27/2021) <br> *Update/Redact* |

# K-3

Exhibit L

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- |
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Thomas<br>First name<br><br>John<br>Middle name<br><br>Herbst<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names. |  |  |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-6758 |  |

L-1

Case: 21-50095   Doc# 1   Filed: 01/27/21   Entered: 01/27/21 12:05:17   Page 1 of 43

Official Form 101        Voluntary Petition for Individuals Filing for Bankruptcy        page 1

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ☑ I have not used any business name or EINs.<br><br>Business name(s)<br>_____<br><br>EIN<br>_____ | ☐ I have not used any business name or EINs.<br><br>Business name(s)<br>_____<br><br>EIN<br>_____ |
| **5. Where you live** | 29750 Loma Chiquita Road<br>Los Gatos, CA 95033<br>Number, Street, City, State & ZIP Code<br><br>**Santa Cruz**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>**PO BOX 625**<br>**Redwood Estates, CA 95044**<br>Number, P.O. Box, Street, City, State & ZIP Code | If Debtor 2 lives at a different address:<br><br>_____<br>Number, Street, City, State & ZIP Code<br><br>_____<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.)<br>_____ |

# L-2

Debtor 1    **Thomas John Herbst**                                      Case number *(if known)* _____

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7.  The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
■ Chapter 13

**8.  How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.  Have you filed for bankruptcy within the last 8 years?**

☐ No.
■ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | N. Dist. of Ca., San Jose Div. | When | **10/07/19** | Case number | **19-52037** |
| District | N. Dist. of Ca., San Jose Div. | When | **7/12/19** | Case number | **19-51404** |
| District | See Attachment | When | | Case number | |

**10.  Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No
☐ Yes.

| | | | | |
|---|---|---|---|---|
| Debtor | | | Relationship to you | |
| District | | When | Case number, if known | |
| Debtor | | | Relationship to you | |
| District | | When | Case number, if known | |

**11.  Do you rent your residence?**

■ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

## L-3

Case: 21-50095   Doc# 1   Filed: 01/27/21   Entered: 01/27/21 12:05:17   Page 3 of 43

Debtor 1    **Thomas John Herbst**                              Case number *(if known)* _____

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |

**12. Are you a sole proprietor of any full- or part-time business?**

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

_____

Name of business, if any

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

_____

Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U.S.C. § 1182(1)?**

For a definition of *small business debtor,* see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.* If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.    I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☐ No.

☐ Yes.

What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

Number, Street, City, State & Zip Code

# L-4

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 4 of 43

Debtor 1    **Thomas John Herbst**

Case number *(if known)* _____

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**L-5**

Debtor 1  **Thomas John Herbst**                                         Case number *(if known)* _____

| Part 6: | Answer These Questions for Reporting Purposes |

**16.** What kind of debts do you have?

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ No. Go to line 16b.
■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.
☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts
_____

**17.** Are you filing under Chapter 7?
■ No. I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?
☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
☐ No
☐ Yes

**18.** How many Creditors do you estimate that you owe?
■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**19.** How much do you estimate your assets to be worth?
☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**20.** How much do you estimate your liabilities to be?
☐ $0 - $50,000
■ $50,001 - $100,000
☐ $100,001 - $500,000
■ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Part 7: | Sign Below |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Thomas John Herbst**
_____                          _____
**Thomas John Herbst**                            Signature of Debtor 2
Signature of Debtor 1

Executed on  **January 27, 2021**                 Executed on _____
MM / DD / YYYY                                     MM / DD / YYYY

# L-6

Official Form 101            Voluntary Petition for Individuals Filing for Bankruptcy            page 6

| | |
|---|---|
| **For your attorney, if you are represented by one** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
| **If you are not represented by an attorney, you do not need to file this page.** | |

**/s/ Aaron Lipton**                                    Date    **January 27, 2021**
Signature of Attorney for Debtor                             MM / DD / YYYY

**Aaron Lipton**
Printed name

**Law Offices of Aaron Lipton**
Firm name

**7960 B Soquel Drive, No. 156**
**Aptos, CA 95003**
Number, Street, City, State & ZIP Code

Contact phone    **831-687-8711**                Email address    **aaron@lipton-legal.com**

**267329 CA**
Bar number & State

## L-7

| Fill in this information to identify your case: |
|---|

| Debtor 1 | **Thomas John Herbst** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| **Debtor 2** | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA | | |
| Case number (if known) | _____ | | |

☐ Check if this is an
amended filing

## FORM 101. VOLUNTARY PETITION

### Prior Bankruptcy Cases Filed Attachment

| District | Case Number | Date Filed |
|---|---|---|
| **N. Dist. of Ca., San Jose Div.** | **19-52037** | **10/07/19** |
| **N. Dist. of Ca., San Jose Div.** | **19-51404** | **7/12/19** |
| **N. Dist. of Ca., San Jose Div.** | **17-52776** | **11/17/17** |
| **N. Dist. of Ca., San Jose Div.** | **16-51679** | **6/06/16** |

## L-8

| Fill in this information to identify your case: | |
|---|---|

**Fill in this information to identify your case:**

Debtor 1   **Thomas John Herbst**
First Name          Middle Name          Last Name

Debtor 2
(Spouse if, filing)   First Name          Middle Name          Last Name

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an
amended filing

Official Form 106Sum
**Summary of Your Assets and Liabilities and Certain Statistical Information**   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:   Summarize Your Assets**

|  | **Your assets**<br>Value of what you own |
|---|---|

1.   **Schedule A/B: Property** (Official Form 106A/B)
1a. Copy line 55, Total real estate, from Schedule A/B............................................... $  **1,169,206.00**

1b. Copy line 62, Total personal property, from Schedule A/B.................................... $  **53,454.00**

1c. Copy line 63, Total of all property on Schedule A/B........................................... $  **1,222,660.00**

**Part 2:   Summarize Your Liabilities**

|  | **Your liabilities**<br>Amount you owe |
|---|---|

2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D...* $  **563,519.68**

3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................... $  **0.00**

3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... $  **0.00**

**Your total liabilities** $  **563,519.68**

**Part 3:   Summarize Your Income and Expenses**

4.   *Schedule I: Your Income* (Official Form 106I)
Copy your combined monthly income from line 12 of *Schedule I*.......................................... $  **3,935.00**

5.   *Schedule J: Your Expenses* (Official Form 106J)
Copy your monthly expenses from line 22c of *Schedule J*.................................................. $  **2,194.00**

**Part 4:   Answer These Questions for Administrative and Statistical Records**

6.   **Are you filing for bankruptcy under Chapters 7, 11, or 13?**
☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.
☐ Yes

7.   **What kind of debt do you have?**
■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Debtor 1    **Thomas John Herbst**                                    Case number *(if known)* _____

8.    **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.    $ **4,650.00**

9.    **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 0.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

L-10

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 10 of 43

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Thomas John Herbst** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number | _____ |

☐ Check if this is an amended filing

Official Form 106A/B
# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes. Where is the property?

**1.1**

**29750 Loma Chiquita Road**
Street address, if available, or other description

**Los Gatos** **CA** **95033-0000**
City                State        ZIP Code

**Santa Clara**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Value per Debtor's opinion and realtor.com**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$545,300.00** | **$545,300.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☐ **Check if this is community property**
(see instructions)

Official Form 106A/B
Schedule A/B: Property
page 1

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 11 of 43

Debtor 1    **Thomas John Herbst**                                      Case number *(if known)* _____

| | |
|---|---|
| **1.2** | **If you own or have more than one, list here:** |

**3635 Bellinger Ct**
_____
Street address, if available, or other description



**North Highlands**    **CA**    **95660-0000**
_____
City                State        ZIP Code



**Sacramento**
_____
County

**What is the property?** Check all that apply

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ■ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:**

**4 unit apartment building**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**
**$623,906.00**                              **$623,906.00**

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
_____

☐ **Check if this is community property**
(see instructions)

---

2.  Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..........................................................=>   | **$1,169,206.00** |

---

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| | | |
|---|---|---|
| **3.1** | Make: | **Toyota** |
| | Model: | **Prius** |
| | Year: | **2016** |
| | Approximate mileage: | **100XXX** |
| | Other information: | |

**Condition: fair**

**Value per debtor's opinion**

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

**$4,000.00**                                **$4,000.00**

| | | |
|---|---|---|
| **3.2** | Make: | **Chevrolet** |
| | Model: | **Pickup** |
| | Year: | **1984** |
| | Approximate mileage: | **215XXX** |
| | Other information: | |

**Condition: poor**

**Value per Debtor's opinion**

**Who has an interest in the property?** Check one

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property**
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

**$800.00**                                  **$800.00**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 12 of 43

Debtor 1    **Thomas John Herbst**                                      Case number *(if known)*

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
    *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

    ■ No
    ☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
    pages you have attached for Part 2. Write that number here............................................................=>       **$4,800.00**

| **Part 3:** | Describe Your Personal and  Household Items |
|---|---|

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
    ☐ No
    ■ Yes.  Describe.....

    | household goods & furnishing | | $1,245.00 |

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
    including cell phones, cameras, media players, games
    ☐ No
    ■ Yes.  Describe.....

    | Household electronics | | $800.00 |

8.  **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
    other collections, memorabilia, collectibles
    ■ No
    ☐ Yes.  Describe.....

9.  **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
    musical instruments
    ■ No
    ☐ Yes.  Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

    | Clothing | | $100.00 |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ No
    ☐ Yes.  Describe.....

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

Debtor 1    **Thomas John Herbst**                                    Case number *(if known)* _____

13.  **Non-farm animals**
        *Examples:* Dogs, cats, birds, horses
        ■ No
        ☐ Yes.  Describe.....

14.  **Any other personal and household items you did not already list, including any health aids you did not list**
        ■ No
        ☐ Yes.  Give specific information.....

15.  **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
        for Part 3. Write that number here** ................................................................

        | | |
        |---|---|
        | | **$2,145.00** |

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16.  **Cash**
        *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
        ☐ No
        ■ Yes................................................................................................

|  | No cash on hand | $0.00 |
|---|---|---|

17.  **Deposits of money**
        *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
                institutions. If you have multiple accounts with the same institution, list each.
        ☐ No
        ■ Yes.......................    Institution name:

        **Star One Credit Union**

| 17.1. | **Savings** | **Contains insurance payments to rebuild residence.** | **$46,000.00** |
|---|---|---|---|
| 17.2. | **Checking** | **Chase Bank** | **$200.00** |
| 17.3. | | **Ameritrade Account** | **$309.00** |

18.  **Bonds, mutual funds, or publicly traded stocks**
        *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
        ■ No
        ☐ Yes.................    Institution or issuer name:

19.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and
        joint venture**
        ■ No
        ☐ Yes.  Give specific information about them...................
                Name of entity:                                    % of ownership:

20.  **Government and corporate bonds and other negotiable and non-negotiable instruments**
        *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
        *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
        ■ No
        ☐ Yes. Give specific information about them
                Issuer name:

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 14 of
43

Debtor 1    **Thomas John Herbst**                                    Case number *(if known)* _____

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ■ No
    ☐ Yes. List each account separately.
                    Type of account:              Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. ......................              Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes............              Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes............              Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......
                                                                    _____

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
            benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
                    Company name:              Beneficiary:              Surrender or refund
                                                                         value:

L-15

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1    **Thomas John Herbst**                                    Case number *(if known)* _____

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ☐ No
    ■ Yes.  Describe each claim.........

    | | |
    |---|---|
    | Remaining insurance claims to related to forest fire damage from 2016 to Debtor's residence.<br><br>Debtor has submitted for approximately $145,000 in repairs, and so far received $_____. | $0.00 |

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes.  Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here...................................................................................................     **$46,509.00**

**Part 5:**   Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

**Part 6:**   Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
               If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

**Part 7:**   Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54. Add the dollar value of all of your entries from Part 7. Write that number here  .....................................     **$0.00**

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 16 of 43

Debtor 1    **Thomas John Herbst**                                                        Case number *(if known)* _____

| Part 8: | List the Totals of Each Part of this Form |
|---------|-------------------------------------------|

55.   **Part 1: Total real estate, line 2** ................................................................................................................   **$1,169,206.00**

56.   **Part 2: Total vehicles, line 5**                                                        **$4,800.00**

57.   **Part 3: Total personal and household items, line 15**                                   **$2,145.00**

58.   **Part 4: Total financial assets, line 36**                                               **$46,509.00**

59.   **Part 5: Total business-related property, line 45**                                      **$0.00**

60.   **Part 6: Total farm- and fishing-related property, line 52**                             **$0.00**

61.   **Part 7: Total other property not listed, line 54**                              +       **$0.00**

62.   **Total personal property.** Add lines 56 through 61...        **$53,454.00**    Copy personal property total        **$53,454.00**

63.   **Total of all property on Schedule A/B.** Add line 55 + line 62                                          | $1,222,660.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|

| Debtor 1 | **Thomas John Herbst** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt                    4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:<br>Line from *Schedule A/B*: | | ☐ _____<br><br>☐ 100% of fair market value, up to any applicable statutory limit | |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

L-18

<table>
<tr><td colspan="2" style="background:black;color:white"><b>Fill in this information to identify your case:</b></td></tr>
<tr><td>Debtor 1</td><td><b>Thomas John Herbst</b></td></tr>
<tr><td></td><td>First Name    Middle Name    Last Name</td></tr>
<tr><td>Debtor 2<br>(Spouse if, filing)</td><td></td></tr>
<tr><td></td><td>First Name    Middle Name    Last Name</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>NORTHERN DISTRICT OF CALIFORNIA</td></tr>
<tr><td>Case number<br>(if known)</td><td></td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:** List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| **2.1** **Mr. Cooper**<br>Creditor's Name | Describe the property that secures the claim: | $425,535.68 | $623,906.00 | $0.00 |

<table>
<tr><td>

**Mr. Cooper**
Creditor's Name

Attn: Bankruptcy
Po Box 619098
Dallas, TX 75261

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

</td><td>

Describe the property that secures the claim:

**3635 Bellinger Ct North Highlands, CA 95660 Sacramento County 4 unit apartment building**

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

</td></tr>
</table>

Date debt was incurred    **Opened 05/05 Last Active 5/09/18**    Last 4 digits of account number    **9247**

---

L-19

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 19 of 43

| Debtor 1 | Thomas John Herbst | | Case number (if known) | |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| 2.2 | Shellpoint Mortgage Servicing | Describe the property that secures the claim: | $137,984.00 | $545,300.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**29750 Loma Chiquita Road Los Gatos, CA 95033  Santa Clara County**
**Value per Debtor's opinion and realtor.com**

**Attn: Bankruptcy**
**Po Box 10826**
**Greenville, SC 29603**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

| | **Opened 8/08/05 Last Active 2/16/20** | | |
|---|---|---|---|
| Date debt was incurred | | Last 4 digits of account number | **0175** |

| Add the dollar value of your entries in Column A on this page. Write that number here: | **$563,519.68** |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | **$563,519.68** |

**Part 2:** List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Thomas John Herbst** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

**Part 1:    List All of Your PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims against you?**

■ No. Go to Part 2.

☐ Yes.

**Part 2:    List All of Your NONPRIORITY Unsecured Claims**

3.  **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

■ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | Total claim |
|---|---|---|

| 4.1 | **Capital One** | Last 4 digits of account number | 4323 | | $0.00 |
|---|---|---|---|---|---|

Nonpriority Creditor's Name

**Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130**

When was the debt incurred?    **Opened 12/07  Last Active 06/16**

Number Street City State Zip Code

**Who incurred the debt? Check one.**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

Type of NONPRIORITY unsecured claim:

☐ **Check if this claim is for a community debt**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify    **Charge Account**

L-21

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 21 of 43

Debtor 1  **Thomas John Herbst**                    Case number (if known) _____

---

| 4.2 | **Chase Mortgage** | | **$0.00** |
|---|---|---|---|

Nonpriority Creditor's Name

**Chase Records Center/Attn:**
**Correspondenc**
**Mail Code LA4 5555  700 Kansas Ln**
**Monroe, LA 71203**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number**   5115

**When was the debt incurred?**   Opened 08/05  Last Active 8/14/19

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Real Estate Mortgage**

---

| 4.3 | **Community Choice Financial** | | **$0.00** |
|---|---|---|---|

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**6785 Bobcat Way, Suite 200**
**Dublin, OH 43016**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number**   6008

**When was the debt incurred?**   Opened 02/16  Last Active 6/02/16

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Unsecured**

---

| 4.4 | **Discover Financial** | | **$0.00** |
|---|---|---|---|

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 3025**
**New Albany, OH 43054**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number**   2004

**When was the debt incurred?**   Opened 09/88  Last Active 8/23/11

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

Debtor 1    **Thomas John Herbst**                                              Case number (if known) _____

---

| 4.5 | **Mr. Cooper** | Last 4 digits of account number | **6543** | **$0.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 619098**
**Dallas, TX 75261**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**     **Opened  5/24/05  Last Active 10/07/19**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Real Estate Mortgage**

---

| 4.6 | **Star One** | Last 4 digits of account number | **0143** | **$0.00** |

Nonpriority Creditor's Name

**Po Box 3643**
**Sunnyvale, CA 94089**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**     **Opened 05/06  Last Active 03/09**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    _____

---

| 4.7 | **Star One** | Last 4 digits of account number | **0142** | **$0.00** |

Nonpriority Creditor's Name

**Po Box 3643**
**Sunnyvale, CA 94089**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**     **Opened 09/05  Last Active 04/06**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    _____

---

Case: 21-50095   Doc# 1   Filed: 01/27/21   Entered: 01/27/21 12:05:17   Page 23 of 43

| 4.8 | Star One Credit Union | Last 4 digits of account number | 0150 | $0.00 |

Nonpriority Creditor's Name

**Po Box 3643**
**Sunnyvale, CA 94089**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**    **Opened 10/29/85 Last Active 01/14**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

| 4.9 | Star One Credit Union | Last 4 digits of account number | 0141 | $0.00 |

Nonpriority Creditor's Name

**Po Box 3643**
**Sunnyvale, CA 94089**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**    **Opened 8/29/83 Last Active 7/30/12**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Check Credit Or Line Of Credit**

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |

**5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |

**6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $  0.00 |
|  | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $  0.00 |
|  | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $  0.00 |
|  | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $  0.00 |
|  | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $  0.00 |

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $  0.00 |
|  | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $  0.00 |
|  | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $  0.00 |

L-24

Debtor 1  **Thomas John Herbst**                                    Case number (if known) _____

| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ _____ **0.00** |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ _____ **0.00** |

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 25 of 43

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Thomas John Herbst** |
| | First Name — Middle Name — Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name — Middle Name — Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 Name<br><br>Number  Street<br><br>City  State  ZIP Code | |
| 2.2 Name<br><br>Number  Street<br><br>City  State  ZIP Code | |
| 2.3 Name<br><br>Number  Street<br><br>City  State  ZIP Code | |
| 2.4 Name<br><br>Number  Street<br><br>City  State  ZIP Code | |
| 2.5 Name<br><br>Number  Street<br><br>City  State  ZIP Code | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

L-26

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Thomas John Herbst** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an
   amended filing

Official Form 106H
## Schedule H: Your Codebtors
12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

   ■ No
   ☐ Yes.

   In which community state or territory did you live? ___-NONE-___ . Fill in the name and current address of that person.

   _____
   Name of your spouse, former spouse, or legal equivalent
   _____
   Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: Your codebtor<br>Name, Number, Street, City, State and ZIP Code | Column 2: The creditor to whom you owe the debt<br>Check all schedules that apply: |
|---|---|
| **3.1** _____<br>Name<br><br>_____<br>Number      Street<br>City              State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br><br>_____<br>Number      Street<br>City              State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 27 of 43

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Thomas John Herbst** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income                                                      12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:        Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | **Employment status** | ☐ Employed<br>■ Not employed | ☐ Employed<br>☐ Not employed |
| | **Occupation** | | |
| | **Employer's name** | | |
| | **Employer's address** | | |
| | **How long employed there?** | | |

### Part 2:        Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. $ 0.00 | $ N/A |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ 0.00 | +$ N/A |
| 4. | **Calculate gross Income.**  Add line 2 + line 3. | 4. $ 0.00 | $ N/A |

## L-28

| Debtor 1 | **Thomas John Herbst** | | | | Case number (*if known*) | |
|---|---|---|---|---|---|---|

| | | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|---|
| | Copy line 4 here | | 4. | | $ 0.00 | $ N/A |
| 5. | **List all payroll deductions:** | | | | | |
| | 5a. | Tax, Medicare, and Social Security deductions | 5a. | | $ 0.00 | $ N/A |
| | 5b. | Mandatory contributions for retirement plans | 5b. | | $ 0.00 | $ N/A |
| | 5c. | Voluntary contributions for retirement plans | 5c. | | $ 0.00 | $ N/A |
| | 5d. | Required repayments of retirement fund loans | 5d. | | $ 0.00 | $ N/A |
| | 5e. | Insurance | 5e. | | $ 0.00 | $ N/A |
| | 5f. | Domestic support obligations | 5f. | | $ 0.00 | $ N/A |
| | 5g. | Union dues | 5g. | | $ 0.00 | $ N/A |
| | 5h. | Other deductions. Specify: _____ | 5h.+ | | $ 0.00 + | $ N/A |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | | 6. | | $ 0.00 | $ N/A |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | | 7. | | $ 0.00 | $ N/A |
| 8. | **List all other income regularly received:** | | | | | |
| | 8a. | **Net income from rental property and from operating a business, profession, or farm** <br> Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | | $ 685.00 | $ N/A |
| | 8b. | Interest and dividends | 8b. | | $ 0.00 | $ N/A |
| | 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** <br> Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | | $ 0.00 | $ N/A |
| | 8d. | Unemployment compensation | 8d. | | $ 0.00 | $ N/A |
| | 8e. | Social Security | 8e. | | $ 1,600.00 | $ N/A |
| | 8f. | **Other government assistance that you regularly receive** <br> Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. <br> Specify: **Pension** | 8f. | | $ 1,650.00 | $ N/A |
| | 8g. | Pension or retirement income | 8g. | | $ 0.00 | $ N/A |
| | 8h. | Other monthly income. Specify: _____ | 8h.+ | | $ 0.00 + | $ N/A |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | | 9. | | $ 3,935.00 | $ N/A |
| 10. | **Calculate monthly income.** Add line 7 + line 9. <br> Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | | 10. | | $ 3,935.00 + | $ N/A = $ 3,935.00 |
| 11. | **State all other regular contributions to the expenses that you list in *Schedule J.*** <br> Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. <br> Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.* <br> Specify: _____ | | 11. | | +$ 0.00 | |
| 12. | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. <br> Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies | | 12. | | $ 3,935.00 <br> **Combined monthly income** | |
| 13. | **Do you expect an increase or decrease within the year after you file this form?** <br> ■ No. <br> ☐ Yes. Explain: _____ | | | | | |

# L-29

In re   **Thomas John Herbst** _____    Case No. _____

                                                      Debtor(s)

## <u>SCHEDULE I - YOUR INCOME</u>
### Attachment A

**RENTAL INCOME**

**Rents received: $3,000**

**Expenses:**

**Management:**   **$ 250.00**

**Mortgage :**    **$ 1,865.00**

**Water:**       **$ 100.00**

**Misc.:**        **$ 100.00**

**Total:**       **$ 2,315.00**

# L-30

Fill in this information to identify your case:

Debtor 1          **Thomas John Herbst**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF CALIFORNIA

Case number
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter
13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J
# Schedule J: Your Expenses                                                                    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1:    Describe Your Household

1.   **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.   **Do you have dependents?**    ■ No

   Do not list Debtor 1 and          ☐ Yes.    Fill out this information for
   Debtor 2.                                                each dependent..............

   Do not state the
   dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3.   **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No  ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

|  | Your expenses |
|---|---|

4.   **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

   4.  $                    1,220.00

   **If not included in line 4:**

   4a.   Real estate taxes                                                    4a.  $                    0.00
   4b.   Property, homeowner's, or renter's insurance                         4b.  $                    0.00
   4c.   Home maintenance, repair, and upkeep expenses                        4c.  $                    0.00
   4d.   Homeowner's association or condominium dues                          4d.  $                    0.00
5.   **Additional mortgage payments for your residence,** such as home equity loans   5.  $                    0.00

L-31

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 31 of 43

Debtor 1   **Thomas John Herbst**      Case number (if known) _____

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ 200.00
   - 6b. Water, sewer, garbage collection — 6b. $ 24.00
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ 180.00
   - 6d. Other. Specify: — 6d. $ 0.00
7. **Food and housekeeping supplies** — 7. $ 300.00
8. **Childcare and children's education costs** — 8. $ 0.00
9. **Clothing, laundry, and dry cleaning** — 9. $ 0.00
10. **Personal care products and services** — 10. $ 0.00
11. **Medical and dental expenses** — 11. $ 15.00
12. **Transportation.** Include gas, maintenance, bus or train fare.
    Do not include car payments. — 12. $ 200.00
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ 0.00
14. **Charitable contributions and religious donations** — 14. $ 0.00
15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ 0.00
    - 15b. Health insurance — 15b. $ 0.00
    - 15c. Vehicle insurance — 15c. $ 55.00
    - 15d. Other insurance. Specify: — 15d. $ 0.00
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify: — 16. $ 0.00
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ 0.00
    - 17b. Car payments for Vehicle 2 — 17b. $ 0.00
    - 17c. Other. Specify: — 17c. $ 0.00
    - 17d. Other. Specify: — 17d. $ 0.00
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $ 0.00
19. **Other payments you make to support others who do not live with you.**
    Specify: — 19.
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property — 20a. $ 0.00
    - 20b. Real estate taxes — 20b. $ 0.00
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ 0.00
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ 0.00
    - 20e. Homeowner's association or condominium dues — 20e. $ 0.00
21. **Other:** Specify: — 21. +$ 0.00

22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ 2,194.00
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ 2,194.00

23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ 3,935.00
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ 2,194.00
    - 23c. Subtract your monthly expenses from your monthly income.
      The result is your *monthly net income*. — 23c. $ 1,741.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    - ☑ No.
    - ☐ Yes.   Explain here: _____

L-32

Case: 21-50095   Doc# 1   Filed: 01/27/21   Entered: 01/27/21 12:05:17   Page 32 of 43

**Fill in this information to identify your case:**

Debtor 1    **Thomas John Herbst**
First Name      Middle Name      Last Name

Debtor 2
(Spouse if, filing)    First Name      Middle Name      Last Name

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an
    amended filing

Official Form 106Dec
# Declaration About an Individual Debtor's Schedules
**12/15**

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X **/s/ Thomas John Herbst**        X _____
**Thomas John Herbst**            Signature of Debtor 2
Signature of Debtor 1

Date   **January 27, 2021**        Date

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

You are an individual filing for bankruptcy, and

Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation | |
|---|---|---|
| | $245 | filing fee |
| | $78 | administrative fee |
| + | $15 | trustee surcharge |
| | $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 34 of 43

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

**Chapter 11: Reorganization**

|   | $1,167 | filing fee |
|---|---|---|
| + | $571 | administrative fee |
|   | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

Case: 21-50095   Doc# 1   Filed: 01/27/21   Entered: 01/27/21 12:05:17   Page 35 of 43

## Read These Important Warnings

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   |   |   |
|---|---|---|
|   | $200 | filing fee |
| + | $78 | administrative fee |
|   | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   |   |   |
|---|---|---|
|   | $235 | filing fee |
| + | $78 | administrative fee |
|   | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Case: 21-50095    Doc# 1    Filed: 01/27/21    Entered: 01/27/21 12:05:17    Page 37 of 43

# Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that debtors understand their attorney's responsibilities and the importance of communicating with their attorney to make the case successful. Debtors should know which services their attorneys are supposed to perform. In order to ensure that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following guidelines are hereby agreed to by the debtors and their attorneys. Unless the Court orders otherwise,

**I.    BEFORE THE CASE IS FILED**

**A.    The debtor agrees to:**

1.    Provide the attorney with accurate financial information concerning income and expenses, and assets and liabilities.

2.    Discuss with the attorney the debtor's objectives in filing the case.

**B.    The attorney agrees to perform the following "Basic Services":**

1.    Meet with the debtor to review the debtor's debts assets, liabilities, income, and expenses.

2.    Counsel the debtor regarding the advisability of filing a case under either chapter 7 or Chapter 13, discuss both types of cases with the debtor, and answer the debtor's questions.

3.    Advise the debtor of the requirement for (and procedures involved in) obtaining a credit counseling certificate and completing the debtor financial management course.Advise the debtor of the requirement for (and procedures involved in) obtaining a credit counseling certificate and completing the debtor financial management course.

4.    Advise the debtor of the requirement for providing documentation of income and tax return filings.

5.    Explain which payments will be made directly by the debtor and which payments will be made through the debtor's Chapter 13 plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims that accrue interest.

6.    Explain to the debtor how, when, and where to make the Chapter 13 plan payments, including the use of electronic payments through NationWide TFS.

7.    Explain to the debtor how the attorney's fees and Chapter 13 Trustee's fees are paid and provide an executed copy of this document to the debtor.

8.    Explain to the debtor that the first plan payment must be made to the Chapter 13 Trustee by the 20th day of the month following the month the petition is filed.

9.    Advise the debtor of the requirement to attend the 341 Meeting of Creditors, and instruct the debtor of the date, time, and place of the meeting, including the need to bring photo identification and proof of his or her social security number or tax identification number.

10.   Advise the debtor of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles securing loans or on leased vehicles.

11.   Timely prepare and file the debtor's petition, plan, statements, and schedules.

**II.   AFTER THE CASE IS FILED**

**A.    The debtor agrees to:**

1.    Keep the Chapter 13 Trustee and debtor's attorney informed of the debtor's address and telephone number.

2.    Inform the attorney of any wage garnishments or attachments of assets that occur or continue after the filing of the case.

3.    Inform the attorney promptly if the debtor loses his/her job or has other financial problems.

4.    Inform the attorney if the debtor is sued during the case.

5.    Inform the attorney if any tax refunds the debtor is entitled to are seized or not returned to the debtor by the IRS or Franchise Tax Board.

6.    Inform the attorney before buying, refinancing, or selling real property or before entering into any long-term loan agreements, to learn if any approvals are required.

7.    Pay directly to the attorney any filing fees and expenses that may be incurred.

8. Inform the attorney about any loan modification applications, including requests for additional documents, and the grant or denial or other action on any such application.

**B.    The attorney agrees to perform the following "Basic Services":**

1. Appear at the 341 Meeting of Creditors with the debtor.

2. Respond to objections to plan confirmation, and when necessary, prepare an amended plan.

3. Prepare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing plan payments.

4. Prepare, file, and serve necessary amended statements and schedules, in accordance with information provided by the debtor.

5. Prepare, file, and serve necessary motions to sell or refinance real property when appropriate.

6. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.

7. Represent the debtor in motions for relief from stay.

8. Represent the debtor in motions to dismiss or convert.

9. When appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.

10. Review debtor's annual reports.

11. Monitor debtor's submission of annual tax returns to Chapter 13 Trustee when the Trustee requests them.

12. Respond to continuing creditor inquiries.

13. Maintain contact with debtors regarding changes in his or her financial situation during the Chapter 13 case.

14. Assist with and ensure debtor's submission of appropriate declarations and other requirements for obtaining discharge.

15. In connection with any of debtor's loan modification applications, keep the Chapter 13 Trustee up to date and amend the Chapter 13 plan as appropriate.

16. Provide such other legal services as are necessary for the administration of the present case before the Bankruptcy Court.

## III.        GUIDELINE FEES

The "Guidelines for Payment of Attorney's Fees in Chapter 13 Cases" for the Northern District of California provide for presumptively reasonable initial fees in the following amounts:

### Initial Fees

| If the Case Involves | Allowable Fees |
|---|---|
| Base Case | $4,500 |
| Operating a business | $2,500 |
| Real property with secured claim(s) (first parcel) | $1,500 |
| Additional real property claim with encumbrances greater than $10,000 | $800 per additional parcel |
| Tax claims | $800 |
| For cases with 25 or more creditors | $300 |
| Vehicle loans or leases | $800 |
| Domestic support arrears | $800 |
| Motion to extend or impose automatic stay | $800 |

Initial fees charged in this case are $ __7,600.00__ .

In addition to these presumptively reasonable fees, in the following situations the attorney may apply to the court for the additional fees shown below which shall be approved upon application:

**Add on Fees**

| If the Case Involves | Allowable Fees |
|---|---|
| Motion to avoid judicial lien as to real property | $1,500 (one fee per property)<br>Court encourages consolidated motion for judicial lien avoidance |
| Motion or adversary proceeding to value and/or avoid real property liens, including obtaining final order | $1,500 for first lien; $500 each additional liens on the same property |
| Plan modifications (no amended Schedules I & J) | $600 |
| Plan modifications (with amended Schedules I & J) | $900 |
| Motion or applications to sell, refinance, convey title, purchase real property -- no hearing required | $800 |
| Motion to sell, refinance, convey title, purchase real property -- hearing required | $1,100 |
| Motion for relief from stay opposition -- personal property | $600 |
| Motion for relief from stay opposition -- real property | $900 |
| Post-confirmation motion to dismiss, but only if counsel appears at the hearing | $500 |
| Opposition to Trustee's motion to modify plan | $800 |
| Objection to claims | $400 |
| Entry into and completion of the Mortgage Modification Mediation Program (the "MMM Program") | $2,500 + $100 in costs<br>(requires declaration detailing costs) |

**IV.        ADDITIONAL FEES**

In addition, if the presumptively reasonable fees ordered by the court are not sufficient to compensate the attorney for the legal services rendered and costs incurred in the case, the attorney further agrees to apply to the court for approval of additional fees and costs, attaching a supporting declaration with time records verifying the fees and costs as reasonable, necessary, and not previously compensated. Reimbursement of advanced court fees shall be awarded independently of other fees and costs. Fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor other than the initial retainer.

If the debtor disputes the legal services provided or the fees charged by the attorney, debtor may file an objection with the court and set the matter for hearing. Debtor's attorney may move to withdraw or the debtor may discharge his or her attorney at any time.

Date: __January 27, 2021__        Signature: __/s/ Thomas John Herbst__

                                                     __Thomas John Herbst__
                                                     Debtor

Date: _____        Signature: _____

                                                     Joint Debtor

Date: __January 27, 2021__        Signature: __/s/ Aaron Lipton__

                                                     __Aaron Lipton__
                                                     Attorney

## L-41

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re                                                    Case No.

   **Thomas John Herbst**

_____ Debtor(s).        /

### CREDITOR MATRIX COVER SHEET

     I declare that the attached Creditor Mailing Matrix, consisting of __1__ sheets, contains the correct, complete and current names and addresses of all priority, secured and unsecured creditors listed in debtor's filing and that this matrix conforms with the Clerk's promulgated requirements.

DATED: **January 27, 2021**

                                        **/s/ Aaron Lipton**
                                        _____
                                        Signature of Debtor's Attorney or Pro Per Debtor

L-42

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


Chase Mortgage
Chase Records Center/Attn: Correspondenc
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203


Community Choice Financial
Attn: Bankruptcy
6785 Bobcat Way, Suite 200
Dublin, OH 43016


Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054


Mr. Cooper
Attn: Bankruptcy
Po Box 619098
Dallas, TX 75261


Shellpoint Mortgage Servicing
Attn: Bankruptcy
Po Box 10826
Greenville, SC 29603


Star One
Po Box 3643
Sunnyvale, CA 94089


Star One Credit Union
Po Box 3643
Sunnyvale, CA 94089


# L-43

Exhibit M

PREPARED BY:
Thomas Herbst
P.O.Box 625
Redwood Estates, CA 95044

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Thomas Herbst
P.O.Box 625
Redwood Estates, CA 95044

MAIL TAX STATEMENTS TO:
Thomas Herbst
POBox 625
Redwood Estates, CA 95044

Sacramento County
Donna Allred, Clerk/Recorder

Doc # **202008140124**

8/14/2020    8:34:12 AM
JLJ
Titles      1
Pages       3

| | |
|---|---|
| Fees | $101.00 |
| Taxes | $0.00 |
| PCOR | $0.00 |
| Paid | $101.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

## QUITCLAIM DEED

The undersigned Grantor, Thomas Herbst, an unmarried person, whose address is P.O.Box 625, Redwood Estates, California 95044, declares that the documentary transfer tax is $ _O r O_ and is:  CODE 11930

[c]Computed on the full value of the interest or property conveyed
or

[ ]Computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.

[X ]Unincorporated area: City of North highlands

For and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, I, Thomas Herbst, hereby Remise, Release, AND FOREVER Quitclaim:

TJ Herbst Trust 1; Paul John Hanson Trustee, whose address is Box 314, Repton, Alabama 36475,

the following real property in the City of North highlands, County of Sacramento, State of California, with the following legal description

APN 228-0590-006
3635 Bellinger Ct, North Highlands, Ca 95660
Lot 6 Bellinger Estates 95660-5228
Bk 124 pag. 20 of book of Maps

Title Order Number:

Quitclaim Deed                     Page 1 of 2

Tax Parcel ID: 228-0590-006

The Grantor is exempt from the transfer tax as this deed falls under the following category:

Transfers by gift, by will, or by trust

8/13/2020    GRANTOR ACKNOWLEDGMENT    Thomas Herbst

6/17/2022    RIEOTR    FIEOTR    ~~Thomas Herbst~~
_____
Date                                        Thomas Herbst, Grantor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

NOTARY
CERTIFICA... (S)
ATTACHED

STATE OF _California_        }
                            } ss.
COUNTY OF _Santa Cruz_      }

On _6/17/2020_ before me, _Marcos Martinez Notary Public_ , personally appeared Thomas Herbst, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity(ies), and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ Notary Public Signature

Notary Public Seal

MARCOS MARTINEZ
COMM. # 2323306
NOTARY PUBLIC - CALIFORNIA
SANTA CRUZ COUNTY
COMM. EXPIRES MAR. 8, 2024

Quitclaim Deed                    Page 2 of 2

# Notary Certificate Requirements
## Effective January 1, 2015

## <u>California All-Purpose Acknowledgment</u>

*Pursuant to SB 1050 (Chapter 197, Statutes of 2014), Civil Code section 1189 has been amended to provide that any certificate of acknowledgment taken within the State of California shall be in the following form:*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          )

County of *Sacramento* )

On *August 13, 2020* before me, *Jaime N. Lomeli, Notary Public*, personally
<span style="font-size:smaller">(insert name and title of officer)</span>
appeared *Thomas John Herbst* who proved to me on the basis

of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument

and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies),

and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which

the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing

paragraph is true and correct.

Witness my hand and official seal.

_____ (Seal)
(Signature)

JAIME N. LOMELI
COMM. # 2242283
NOTARY PUBLIC · CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES MAY 12, 2022

M-3