UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOHN HANSEN AND T J HERBST TRUST 1,<br><br>Plaintiff,<br><br>v.<br><br>ROBIN P. ARKLEY, et al.,<br><br>Defendants. | No.  2:20-cv-2436-KJM-CKD PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND<br><br>(ECF No. 16) |

  Plaintiff Paul John Hansen proceeds without an attorney and has filed a complaint alleging civil rights violations under 42 U.S.C. §§ 1983, 1985 and 1986. This matter is before the undersigned pursuant to Local Rule 302(c)(3) and 28 U.S.C. § 636(b)(1).

  Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b). (ECF No. 16.) A hearing on the motion to dismiss was held via Zoom on June 9, 2021. Plaintiff appeared pro se; attorney Rachel C. Witcher appeared on behalf of defendants.[1] For the reasons set forth below, it is recommended that the motion to dismiss be granted and plaintiff's complaint be dismissed without leave to amend.

////

---

[1] Thomas Herbst, who is not a party to this action, also attended the hearing via Zoom.

**I.     BACKGROUND**

Plaintiff brings claims pertaining to the property at 3635 Bellinger Court in North Highlands, California, which is currently owned by T J Herbst Trust 1 (hereinafter "Herbst Trust"). Plaintiff purports to bring claims on behalf of himself and the Herbst Trust. (ECF No. 1 at 6.)

In or around May of 2005, the property at issue was granted to Thomas J. Herbst ("Herbst"), who is not a party to this action.[2] (ECF No. 17 at 7.) On or about May 24, 2005, Herbst obtained a $311,000.00 loan from American Family Funding, which was secured against the property at issue by a deed of trust recorded on June 3, 2005 in the County of Sacramento. (Id. at 10.) The deed of trust was subsequently assigned to defendant US Bank Trust National Association as Trustee of the Bungalow Series IV Trust. (Id. at 29.)

On October 2, 2015, a notice of default was recorded listing a past due amount on the loan of $42,233.28. (ECF No. 17 at 32.) On October 26, 2017, a notice of trustee's sale was recorded which referenced a foreclosure sale date of November 20, 2017. (Id. at 38.) During the years 2016 to 2021, Herbst filed multiple bankruptcy actions in the United States Bankruptcy Court for the Northern District of California. (See Id. at 41-112.) On August 14, 2020, a quitclaim deed was recorded referencing a transfer of the property from Herbst to the Herbst Trust. (Id. at 114.) Plaintiff initiated this action with the filing of a complaint on December 9, 2020. (ECF No. 1.) Plaintiff attempts to bring claims pertaining to the property at issue on behalf of himself as well as on behalf of the Herbst Trust.

Plaintiff alleges defendants have no legal right to demand payment for the subject property because defendants have not produced the original note signed by Herbst. Plaintiff also

---

[2] Defendants request the court to take judicial notice of the following exhibits: the grant deed recorded on June 3, 2005; the deed of trust recorded on June 3, 2005; the assignment of deed of trust recorded on August 12, 2020; the notice of default recorded on October 2, 2015; the notice of trustee's sale recorded on October 26, 2017; case documents and dockets for actions pending in the U.S. Bankruptcy Court for the Northern District of California; and the quitclaim deed recorded on August 14, 2020. (ECF No. 17 at 2-3.) Given the nature of these public documents, the court grants the request for judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Fed. R. Evid. 201(b).

alleges defendants have failed to respond to "FDCPA Request." (ECF No. 1 at 6.)

Defendants have moved to dismiss the complaint for failure to satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure, for lack of standing, and for failure to state a valid claim for relief. (ECF No. 16.) Defendants request the court to dismiss the complaint without leave to amend.

Plaintiff filed an opposition to the motion to dismiss. (ECF No. 26.) Defendants filed a reply. (ECF No. 29.) Subsequently, plaintiff filed a sur-reply not authorized by Local Rule 230, but which the undersigned has nevertheless read and considered on this occasion. (ECF No. 31.)

## II. LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court will not, however, assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

////

In ruling on a motion to dismiss, the court may consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The court may also consider matters properly subject to judicial notice. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

### III. DISCUSSION

#### A. Standing

Defendants assert that plaintiff lacks standing to bring any claims concerning the subject property because he alleges no personal interest in the subject property. As plaintiff alleges no personal interest in the property, he has not suffered an injury in fact and does not have standing to assert claims pertaining to the property. See Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 554 (2003) (in order to have standing, a party must show (1) it has suffered an "injury in fact," (2) its injury is "fairly traceable" to the defendant's actions, and (3) its injury will likely be "redressed" by the action), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

In addition, as a litigant proceeding pro se, plaintiff cannot represent the Herbst Trust in this action. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (noting courts routinely adhere to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity and citing collected cases). Nevertheless, even a borrower "does not have standing under California law to challenge irregularities in the assignment of [his] Note or Deed of Trust because those instruments are negotiable and [his] obligations thereunder remain unchanged even if [his] creditor changes." Christie v. Bank of New York Mellon, N.A., 617 F. App'x 680, 681 (9th Cir. 2015); see also, e.g., Nationwide Ins. Co. of Am. v. Brown, 689 F. App'x 474, 475 (9th Cir. 2017).

Plaintiff lacks standing to pursue claims pertaining to the property at issue. On this basis, granting plaintiff leave to amend any claims would be futile.

////

**B.  42 U.S.C. §§ 1983, 1985 and 1986.**

The complaint alleges defendants violated plaintiff's constitutional rights, and asserts causes of action under 42 U.S.C. sections 1983, 1985, and 1986. (ECF No. 1.) The complaint fails to allege plausible claims for relief.

Section 1983 allows a plaintiff to sue state officials who violate federal constitutional or statutory rights while acting under color of state law. Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Here, plaintiff sues private parties. Plaintiff does not plausibly allege that any of the defendants are state actors who acted under color of state law. As such, plaintiff has not stated a claim under section 1983.

Section 1985 provides: "If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages . . . against any one or more of the conspirators." 42 U.S.C. § 1985(3). Liability under section 1985(3) requires proof of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Brekenridge, 403 U.S. 88, 102 (1971). Plaintiff does not allege that they were targeted as a member of any class, let alone a suspect class. Plaintiff has therefore failed to state a claim under section 1985. See Bennett v. Cty. of Shasta, No. 2:15-cv-01764-MCE-CMK, 2016 WL 3743151, at *9 (E.D. Cal. July 13, 2016) (dismissing plaintiff's section 1985(3) action because plaintiff failed to allege membership of a suspect class). Because an action under section 1986 cannot survive without a valid claim for relief under section 1985, plaintiff also fails to state a claim under 42 U.S.C. section 1986. Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985) ("[The Ninth Circuit has] adopted the broadly accepted principle that a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985.").

**C.  FDCPA**

Plaintiff makes conclusory allegations referencing the Fair Debt Collection Practices Act ("FDCPA"). He additionally argues, in opposition to the motion to dismiss, that the valid holder of the debt must produce a "wet-signed" monitory instrument in order to be exempt from the

1  FDCPA. (ECF No. 26 at 4.)

2      To state a claim for violation of FDCPA, "a plaintiff must allege facts that establish the

3  following: (1) the plaintiff has been the object of collection activity arising from a consumer debt;

4  (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA;

5  and (3) the defendant engaged in a prohibited act or has failed to perform a requirement imposed

6  by the FDCPA." Gomez v. Wells Fargo Home Mortg., 2011 U.S. Dist. LEXIS 134092, at *15-16

7  (N.D. Cal. Nov. 21, 2011) (internal citations omitted). "Debt collector" as used in the FDCPA

> means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11  15 U.S.C. § 1692(a)(6) (emphasis added).

12      Courts have consistently held that creditors, even assignees from the original creditor, are

13  not "debt collectors" under the FDCPA. Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1209

14  (9th Cir. 2013) (affirming dismissal, in part, because plaintiff's "complaint makes no factual

15  allegations from which we could plausibly infer that Wells Fargo regularly collects debts owed to

16  someone other than Wells Fargo"); Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th

17  Cir. 2009) ("[A] 'creditor' is not a 'debt collector' under the FDCPA."). Mortgage servicing

18  companies, in particular, are not "debt collectors" and are exempt from liability under the

19  FDCPA. Caballero v. Ocwen Loan Serv., No. C 09-01021 RMW 2009 U.S. Dist. LEXIS 45213,

20  *2-3 (N.D. Cal. 2009); Scott v. Wells Fargo Home Mortg., 326 F. Supp. 2d 709, 718 (E.D. VA.

21  2003).

22      Plaintiff's complaint fails to plausibly allege that any defendant is a "debt collector"

23  within the meaning of the FDCPA. In addition, as set forth, plaintiff lacks standing to pursue any

24  claims challenging the servicing of the loan and cannot proceed pro se on behalf of the Herbst

25  Trust.

26  **IV.   LEAVE TO AMEND**

27      "A district court should grant leave to amend even if no request to amend the pleading

28  was made, unless it determines that the pleading could not possibly be cured by the allegation of

other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If, however, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. See Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

Subsequent to the filing of defendants' motion to dismiss, on April 20, 2021, plaintiff attempted to file a first amended complaint. (ECF No. 23.) As plaintiff had not followed the applicable rules, plaintiff was advised the motion to dismiss the original complaint remained pending and that he must respond to the pending motion. Plaintiff's proposed amended complaint did not cure any of the defects raised by defendants' motion and addressed herein. Plaintiff's claims cannot be cured by amendment because he lacks standing to pursue claims pertaining to the subject property and he cannot proceed pro se on behalf of the Herbst Trust.

**V.     CONCLUSION**

For all these reasons, IT IS ORDERED that defendant's request for judicial notice (ECF No. 17) is GRANTED.

In addition, IT IS RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 16) be GRANTED and plaintiff's complaint (ECF No. 1) be dismissed without leave to amend.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////
/////
/////
/////
/////

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 10, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Hansen.20cv2436.dism